**Tony Dphax KING, Appellant**

v.

**CITY OF PHILADELPHIA Bureau of Administrative Adjudication.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 15, 2014.

Decided Oct. 24, 2014.

Reginald Allen, Philadelphia, for appellant.

Steven C. Boc, Associate General Counsel, Philadelphia, for appellee.

BEFORE: DAN PELLEGRINI, President Judge, PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Tony Dphax King appeals from the April 16, 2013, order of the Court of Common Pleas of Philadelphia County (trial

court) that granted the motion to quash King's appeal, which was filed by the City of Philadelphia Bureau of Administrative Adjudication (BAA). We affirm.

█ Between March 2011 and May 2011, police officers for the City of Philadelphia issued King numerous parking tickets. On June 26, 2012, King, acting *pro se*, contested the tickets at a hearing before a BAA hearing examiner. The hearing examiner determined that King was liable for 17 tickets, which totaled $2,032. King requested an appeal hearing, alleging that the BAA examiner had incorrectly interpreted section 12–913 of The Philadelphia Code.[1]

The BAA granted King's appeal and scheduled a hearing for September 21, 2012. King submitted several exhibits and photographs in consideration of his appeal. However, King did not appear at the hearing. On October 9, 2012, the BAA issued a final determination upholding King's liability for all 17 parking tickets.

King appealed to the trial court, alleging that the BAA failed to adequately inform him of the hearing date, leading to his inability to attend. On November 28, 2012, the trial court issued a scheduling order requiring King to file his brief by March 4, 2013. On March 20, 2013, the BAA filed a motion to quash King's appeal pursuant to Pa. R.A.P. 123(a) and Pa. R.A.P. 2188 because King failed to comply with the trial court's scheduling order.[2]

On March 28, 2013, King filed a motion to extend the time for filing his brief, which the trial court denied on April 2, 2013.

Thereafter, King retained counsel and, on April 10, 2013, filed a motion for reconsideration and an answer in opposition to the BAA's motion to quash his appeal. King's answer denied that Pa. R.A.P. 123 and Pa. R.A.P. 2188 control in appeals from the BAA, proposing that the trial court should exercise its discretion and extend the time for filing a brief pursuant to Pa. R.C.P. No. 126 and Pa. R.A.P. 105.[3]

---

1. Section 12–913 of The Philadelphia Code prohibits parking a vehicle on a sidewalk, within an intersection, within 15 feet of a fire hydrant, and in various other places.

2. Pa. R.A.P. 123(a) provides that an application for relief:
   shall be made by filing a written application for such order or relief with proof of service on all other parties. The application shall contain or be accompanied by any matter required by a specific provision of these rules governing such an application, shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought. If an application is supported by briefs, verified statements or other papers, they shall be served and filed with the application.... All grounds for relief demanded shall be stated in the application and failure to state a ground shall constitute a waiver thereof.
   Pa. R.A.P. 2188 provides that "[i]f an appellant fails to file his designation of reproduced record, brief or any required reproduced rec-

ord within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter."

3. Pa. R.C.P. No. 126 provides that:
   [t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.
   Pa. R.A.P. 105 provides that the Rules of Appellate Procedure shall be:
   (a) ... liberally construed to secure the just, speedy and inexpensive determination of every matter to which they are applicable. In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in Subdivision (b) of this rule, disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

■ On April 17, 2013, the trial court denied King's motion for reconsideration and granted the BAA's motion to quash King's appeal. On May 13, 2013, King appealed to the Pennsylvania Superior Court, which transferred the matter to this court.[4]

Initially, King contends that the trial court erred in quashing his appeal because King established good cause for failing to timely file his brief and had filed a motion to extend the time for filing. King argues that due to his *pro se, in forma pauperis* status, he was unable to file his brief on time and, after realizing that he was incapable of writing his own brief, he obtained counsel. Once he was represented by counsel, he requested an extension of time in which to file the brief.

King asserts that Pa. R.C.P. No. 126 permits the trial court to liberally extend the time for any matter before it. Pa. R.A.P. 105 allows for the enlargement of time for the filing of a brief, including extending the time for requests made after the expiration of time originally set to file, for good cause. Pa. R.A.P. 105 states that the rule is to be liberally construed. King contends that his *pro se* status and inability to prepare his brief within the deadline gave him good cause for requesting the extension. King asserts that extensions are liberally and routinely granted to attorneys and that the same application of the rules should apply to a *pro se, in forma pauperis* litigant.

Because the BAA is a local agency, Local Agency Law applies. The Local Agency Law provides for an appeal from the BAA's determination to the trial court. 2 Pa.C.S. § 752. Where, as here, a full record was made before the local agency, the trial court hears the appeal on the record certified by the agency. 2 Pa.C.S. § 754(b). Section 701(a) of the Judicial Code gives the trial court, when sitting as an appellate court, appellate jurisdiction. 42 Pa.C.S. § 701(a); *see Shattuck v. Zoning Hearing Board of Warren County*, 93 Pa.Cmwlth. 209, 501 A.2d 319, 322 (1985) (stating that in an appeal from a local agency decision, the trial court "function[s] as an appellate court").

■ However, the Pennsylvania Rules of Appellate Procedure do not apply to a trial court acting as an appellate court while hearing a local agency appeal unless the county where that trial court sits has specifically adopted the Pennsylvania Rules of Appellate Procedure. *City of Pittsburgh v. Kisner*, 746 A.2d 661, 664 (Pa.Cmwlth.2000). Here, in Philadelphia County, the Pennsylvania Rules of Appellate Procedure have not been explicitly adopted. Thus, the Philadelphia County Rules of Civil Procedure provide the basic framework for appeals from local agencies. *Id.* Phila. Civ. R. No. 320 provides in pertinent part as follows:

**(b) Enlargement of time.** An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review.

must affirm the agency where, as here, a complete record was developed before the local agency, unless the court has determined that constitutional rights were violated, an error of law was committed, the procedure before the agency was contrary to statute, or that a necessary finding of fact was unsupported by substantial evidence. *Civil Service Commission of the City of Philadelphia v. Farrell*, 99 Pa.Cmwlth. 631, 513 A.2d 1123, 1124–25 (1986).

4. When reviewing a matter on appeal from a local agency, this court:

(A) **Applicability.** The Prothonotary shall maintain a special docket for appeals from the determinations of state and local agencies ("statutory appeals"). Statutory appeals (and matters ancillary thereto) shall be presented to and determined by the supervising Judge of Appeals ("Supervising Judge").

(B) **Manner of Taking Appeal.** An appeal may be commenced by filing a Notice of Appeal with the Prothonotary.

\* \* \*

(C) **Procedure on Appeal.** The Supervising Judge shall publish a standing case management order for each agency whose determinations are appealed on a regular basis ("agency-specific order"). For agencies whose determinations are seldom appealed, the Supervising Judge shall publish a standing order of a generic nature. The Prothonotary shall provide appellant(s) with an agency-specific (or generic) standing order whenever a notice of appeal is filed.

Every appeal (and matter ancillary thereto) shall be governed by the aforesaid standing order and any supplemental order, which may be issued by the Supervising Judge.

■ In this case, the trial court issued a scheduling order on November 28, 2012, which governed King's statutory appeal. The scheduling order states that King's brief was due by March 4, 2013. (Civil Docket Report, at 3.) King does not contest the issuance or his receipt of the scheduling order. However, King did not file a brief within the prescribed time.[5]

As the moving party, King "had an affirmative duty to prosecute the appeal he filed." *Civil Service Commission of the* *City of Philadelphia v. Wenitsky,* 104 Pa. Cmwlth. 47, 521 A.2d 80, 82 (1987); *see Civil Service Commission v. Rogers,* 103 Pa.Cmwlth. 636, 520 A.2d 1264, 1265 (1987); *Civil Service Commission of the City of Philadelphia v. Farrell,* 99 Pa. Cmwlth. 631, 513 A.2d 1123, 1125 (1986).

■ Although not strictly bound by the Pennsylvania Rules of Appellate Procedure, the trial court, acting as an appellate court, may look to the Pennsylvania Rules of Appellate Procedure for guidance and "such points of procedure are best left to the sound discretion of the trial court." *Kisner,* 746 A.2d at 664. Pa. R.A.P. 2188 provides that "[i]f an appellant fails to file his ... brief ... within the time prescribed by these rules ... an appellee may move for dismissal of the matter." *See Farrell,* 513 A.2d at 1125 (stating that under Pa. R.A.P. 2188, when a moving party fails to file a brief, the appeal is decided by default).

■ Here, the trial court exercised its sound discretion and quashed King's appeal for failing to comply with its scheduling order. " '[L]ocal courts are entitled to impose sanctions for noncompliance with procedural rules and such determinations will not be disturbed absent an abuse of discretion.' " *Muth v. Ridgway Township Municipal Authority,* 8 A.3d 1022, 1027 (Pa.Cmwlth.2010) (citation omitted); *see Farrell,* 513 A.2d at 1125 (noting that the trial court may impose sanctions for "noncompliance with the court's order"). The trial court did not err or abuse its discretion in quashing King's appeal.[6]

Accordingly, we affirm the trial court.

Judge McCULLOUGH concurs in the result only.

---

**5.** King asserts that his *pro se* status constitutes good cause for not filing his brief on time. However, " 'any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.' " *Vann v. Unemployment*

## ORDER

AND NOW, this 24th day of October, 2014, we hereby affirm the April 16, 2013, order of the Court of Common Pleas of Philadelphia County.

Compensation Board of Review, *508 Pa. 139, 494 A.2d 1081, 1086 (1985) (citation omitted).*

**6.** We need not address King's remaining arguments, as they relate to the merits of the case.