**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2063
_____

TONY DPHAX KING,
                              Appellant

v.

CITY OF PHILADELPHIA, and currently unnamed and
unknown employees thereof;
PHILADELPHIA PARKING AUTHORITY, and currently
unnamed and unknown employees thereof

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-14-cv-01015)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 6, 2015

Before:  FUENTES, SHWARTZ and ROTH, Circuit Judges

(Filed: June 29, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Tony Dphax King appeals pro se from the District Court's dismissal of his second amended complaint in this civil rights action. Because we write primarily for the benefit of the parties, who are familiar with this action, our discussion of the factual and procedural background is limited to that which informs our consideration of this appeal.

This action arises from a series of parking tickets issued to King by Philadelphia Parking Authority ("PPA") employees and a Philadelphia police officer in 2011, for parking his motor scooter on the public sidewalk, in violation of Philadelphia Code § 12-913 and § 12-915. King does not dispute that he routinely parked his scooter on the sidewalk, but contends that a reasonable reading of the plain language of § 12-913 permitted him to park there to protect the safety of the scooter.[1] Proceeding pro se, King contested the parking tickets at a hearing before the City of Philadelphia Bureau of Administrative Adjudication ("BAA"). The parking hearing examiner found him liable for seventeen tickets totaling more than two thousand dollars. King then requested a hearing before a parking appeals panel, which was granted. King alleges that on July 20, 2012, he informed the BAA by certified letter that he would be out of town for sixty

---

[1] In pertinent part, § 12-913 reads: "(1) Except when necessary to avoid conflict with other traffic or to protect the safety of any person or vehicle or in compliance with law or the directions of a police officer or official traffic-control device, no person shall: (a) Stop, stand or park a vehicle: . . . (ii) On a sidewalk . . . ." King also contends that § 12-915—which forbids a driver to leave a vehicle unattended without, among other precautions, "placing the gear shift lever in a position which under the circumstances impedes the movement of the vehicle"—cannot apply to automatic scooters, because they do not have gear shift levers.

2

days, and requested that the hearing be scheduled for a date on or after October 8, 2012. Despite this request, the hearing was scheduled for September 21, 2012, and King did not attend.[2] On October 9, 2012, the BAA issued a final determination upholding King's liability for all seventeen parking tickets.

Pursuant to Pennsylvania law, which provides for an appeal to the state courts from the final decision of a local agency, see 2 PA. CONS. STAT. § 752, King appealed the BAA's decision to the Philadelphia Court of Common Pleas. On November 28, 2012, the trial court set a briefing schedule requiring King to file his appeal brief by March 4, 2013. After King failed to meet this deadline, the BAA moved to quash the appeal. King filed a motion to extend the time for filing his brief, which the trial court denied. King then retained counsel, who filed a motion for reconsideration of the extension and an answer in opposition to the BAA's motion to quash. The trial court denied the motion for reconsideration and granted the BAA's motion to quash the appeal. The Commonwealth

---

[2] There is some confusion as to whether the hearing had already been scheduled at the time King made his request. See King v. City of Philadelphia, No. 121003822, 2013 WL 2735811, at *1 n.2 (Pa. Com. Pl. June 4, 2013) (trial order) ("After Appellant had requested his appeal hearing, he wrote separately to the BAA on July 20, 2012, asking for that hearing to be scheduled on/after October 8, 2012. However, the BAA had already scheduled the appeal hearing for September 21, 2012. Appellant alleges that he was not notified of this scheduling before he made his request. Because BAA appeal hearings may not be rescheduled, September 21 remained the scheduled date. It is unclear whether the appeal hearing took place wholly on September 21, or whether the hearing may have been continued to October 9." (citations to the record omitted)).

Court affirmed.  See King v. City of Phila., 102 A.3d 1073 (Pa. Commw. 2014).  King

did not appeal.

King alleges that, while his appeal was pending in the state courts, Appellees

reported his unpaid parking tickets to the Pennsylvania Department of Transportation

("PennDOT"), which revoked the vehicle registration for King's scooter.[3]  King also

alleges that Appellees reported the unpaid tickets to various credit reporting agencies,

thereby damaging his credit rating and preventing him from obtaining a loan.[4]

In February 2014, King filed a pro se complaint in the District Court against the

City of Philadelphia (the "City").  After a hearing, the District Court dismissed the

complaint without prejudice to allow King to name additional defendants.  King filed an

amended complaint against the PPA.  Again, the District Court dismissed the complaint

without prejudice, to permit King to join the City as an indispensable party.  After

obtaining counsel, King filed a second amended complaint, bringing claims against the

City and the PPA under 42 U.S.C. § 1983 for violations of his due process rights, as well

---

[3] Under Pennsylvania law, "[PennDOT] shall suspend the registration of a vehicle upon the notification from the [PPA] that the owner or registrant of the vehicle has failed to respond, failed to pay or defaulted in the payment of six or more tickets or citations issued for parking violations . . . ."  75 PA. CONS. STAT. § 1379(a).  The suspension "shall continue until the department receives notice . . . that all of the tickets and citations are paid, dismissed, reversed on appeal or canceled . . . ." 75 PA. CONS. STAT. § 1379(c).

[4] "The order of a Parking Appeals Panel shall be the final order of the Finance Director's Office. . . . . If payment is not made within thirty (30) days after entry of a final order determining liability for a parking violation and fixing fines, . . . such fines . . . shall be considered a debt due and owing the City."  PHILA. CODE § 12-2808(5).

4

as state law claims for malicious prosecution, attempted theft or trespass, false light privacy, and defamation, against "unknown and unnamed" City and PPA employees.

After a hearing on the motions to dismiss, the District Court dismissed King's federal claims on a number of grounds, and declined to exercise jurisdiction over his state law claims. First, District Court determined that, based on the structure and division of responsibilities for the enforcement and administrative adjudication of parking tickets in Philadelphia, see PHILA. CODE § 12-2800 to 12-2809, the City might be held liable for any of King's claims, but the PPA potentially was liable only for those claims related to ticketing enforcement. We agree. The District Court construed King's second amended complaint as bringing substantive and procedural due process claims against Appellees based on three sets of allegations: (1) that Appellees enforce the parking code in a manner they know to be incorrect; (2) that Appellees intentionally denied King a fair hearing by scheduling and holding it in his absence; and (3) that the hearings are biased because hearing examiners are Appellees' employees, and unfair deference is given to the testimony and opinions of Appellees' employees and agents. The District Court held that King had not shown that any alleged injury or violation of his due process rights was the result of an official policy or custom of the type required to find a municipal entity liable for the conduct of its employees. The District Court also held that King failed to state a claim for substantive due process violations.

The District Court had jurisdiction over King's federal claims under 28 U.S.C. § 1331 and his state law claims under 28 U.S.C. § 1367. We have jurisdiction under 28

5

U.S.C. § 1291. Our review of the dismissal of a complaint under Rule 12(b)(6) is plenary, and we determine whether the complaint's well-pleaded factual allegations state a plausible claim for relief. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163, 176-77 (3d Cir. 2010).

First, King argues that his due process rights have been violated because Appellees incorrectly enforced § 12-913 and § 12-915 of the traffic code, which King contends permitted him to park his scooter on the sidewalk. Even if King's interpretation of these provisions were correct, violations of state or municipal law do not, standing alone, necessarily state constitutional claims under 42 U.S.C. § 1983. See McMullen v. Maple Shade Twp., 643 F.3d 96, 99-100 (3d Cir. 2011). "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233–34 (3d Cir. 2006).[5] "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Matthews v. Eldridge, 424 U.S. 319, 333-35 (1976) (quotation omitted) (setting forth the test for determining whether a procedure meets the minimum requirements of due process).

---

[5] For the purposes of analyzing King's due process claims, we assume without deciding—as did the District Court—that King has articulated a liberty or property interest to which the Fourteenth Amendment's due process protection applies.

6

In the context of traffic ticket enforcement and adjudication, procedures substantially similar to Philadelphia's—which provides ample notice and multiple opportunities for both administrative agency and state court review of disputed parking violations—satisfy the requirements of due process. See Van Harken v. City of Chicago, 103 F.3d 1346, 1351-53 (7th Cir. 1997) (holding that Chicago's system, which provided only one level of administrative hearing before appeal to the state courts, was sufficient); Gardner v. City of Columbus, 841 F.2d 1272, 1280 (6th Cir. 1988). See also Kovler v. Bureau of Admin. Adjudication, 6 A.3d 1060, 1062-64 (Pa. Commw. 2010) (holding that Philadelphia's procedures for adjudicating parking violations satisfy the due process requirements of both the United States and the Pennsylvania constitutions). Appellees' allegedly incorrect reading or improper enforcement of certain parking prohibitions did not deprive King of these procedural safeguards.

King also alleges that Appellees deprived him of due process by "schedul[ing] a hearing for a date for which it knew that plaintiff would be out of town, because plaintiff had requested in writing that it not schedule the hearing for that date." Although King himself does not cite to any case or statute in support of this argument, we note that the traffic code provides that an appellant may elect to appear at his appeal hearing, but is not required to attend. See PHILA. CODE § 12-2808(4) ("Appeals shall be conducted in the presence of the appellant or his attorney, or both, if such right of appearance is expressly requested by the appellant in his notice of appeal and upon his complying with the regulations of the Director of Finance."). Even if King's absence from the hearing

7

arguably failed the requirement that appeals "shall be conducted in the presence of the appellant," it did not deprive him of minimum due process for constitutional purposes. King participated in the initial hearing before the hearing examiner, received a second level of review by a parking appeals panel, and had an opportunity to appeal the BAA's final decision to the Pennsylvania courts. Even without King's attendance at the administrative appeal hearing, these procedures were sufficient. Cf. Van Harken, 103 F.3d at 1350, 1353; Gardner, 841 F.2d at 1275-76.

We also agree with the District Court that King has not alleged facts sufficient to show that the City or the PPA had a policy or practice of holding hearings in the absence of appellants who have asked to appear, as is required to state a claim for municipal liability. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, . . . inflicts the injury that the government as an entity is responsible under § 1983.").

Finally, we agree with the District Court that King does not plausibly allege that his due process rights were violated because the BAA hearing officers and appeal panel members are City or PPA employees. King asserts that the BAA is "not a neutral arbiter" because hearing examiners "have a vested interest in finding citizens of Philadelphia guilty of specious and ambiguous parking violations, for the purpose of raising revenues for their employers," and that the hearings are "inherently unfair, based on bias and unjustifiable reliance" on testimony of and the interpretation of the parking code by City

8

or PPA employees. These allegations are wholly conclusory, and insufficient to support a due process claim. See Van Harken, 103 F.3d at 1352-53; Kovler, 6 A.3d 1060 at 1064 n.6.

We have carefully reviewed King's remaining claims—including his claim that Appellees' actions violated his substantive due process rights, his vague assertion that Appellees should not have reported his debt to credit agencies while his appeal was pending, and his unsupported argument that a prohibition against parking a scooter on the sidewalk is in itself unconstitutional—and find them meritless. Accordingly, we will affirm the District Court's judgment.