IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael B. Selig,                        :
                                         : No. 2171 C.D. 2015
                     Appellant           : Submitted: April 1, 2016
                                         :
                 v.                      :
                                         :
The Zoning Hearing Board of              :
North Whitehall Township                 :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY SENIOR JUDGE FRIEDMAN                  FILED: December 2, 2016


          Michael B. Selig appeals, *pro se*, from the October 14, 2015, October 29, 2015, and November 4, 2015, orders of the Court of Common Pleas of Lehigh County (trial court) that dismissed Selig's appeal as interlocutory, denied Selig's petition for reconsideration, and denied Selig's petition for permission to appeal pursuant to section 702(b) of the Judicial Code, 42 Pa. C.S. §702(b), as untimely. We affirm the October 14, and November 4, 2015, orders of the trial court and quash Selig's appeal of the trial court's October 29, 2015, order.
.

          On April 4, 2014, Selig purchased property located at 5471 Pennsylvania Route 309 in Schnecksville (Property). (ZHB's Findings of Fact, Nos. 1-2.) The Property is in the AR-Agricultural Rural-Residential District. (ZHB's History, No. 1.) On June 13, 2014, Selig filed an application with the Zoning Hearing Board

(ZHB) of North Whitehall Township (Township), requesting a special exception to use the Property as an airport/heliport under section 306.B of the North Whitehall Township Zoning Ordinance (Ordinance). (ZHB's History, No. 1; ZHB's Findings of Fact, Nos. 1, 6.) On July 15, 2014, Selig filed a revised application. (ZHB's Findings of Fact, No. 6.) On April 23, 2015, Selig filed a "Pre-Hearing Memorandum of Law Supporting: the recusal of ZHB members-chairman, Richard Benjamin and vice-chairman, Eugene Wolfgang." (*Id.*, No. 7.)

On June 17, 2015, the ZHB held a hearing to consider the recusal of Benjamin and Wolfgang. (*Id.*, No. 8.) Selig stated that Benjamin should recuse because he lives across the street from the Property and failed to disclose that fact during prior litigation. (*Id.*, Nos. 8-9.) Selig stated that Wolfgang should recuse because one of his prior decisions was based on personal or political considerations rather than the applicable law. (*Id.*) Both parties refused to recuse. (*Id.*, No. 10.) The ZHB verbally denied Selig's recusal request. (*Id.*) Thereafter, Selig refused to present the merits of his case or address two unrelated, pre-hearing memoranda issues, but indicated that he was not withdrawing his case. (*Id.*, No. 11.) On July 20, 2015, the ZHB issued a written decision reaffirming its decision at the hearing to deny Selig's recusal request.[1]

On July 30, 2015, Selig appealed to the trial court. On October 2, 2015, the trial court, *sua sponte*, issued a rule to show cause why Selig's appeal should not

---

[1] The ZHB did not address the merits of Selig's application for a special exception to use the Property as an airport/heliport.

be quashed as interlocutory. Citing *Rohm and Haas Company v. Lin*, 992 A.2d 132, 149 (Pa. Super. 2010), the trial court noted that orders involving motions for recusal are interlocutory and may not be appealed prior to the entry of a final order resolving all of the claims.

On October 14, 2015, the trial court heard argument on the rule and dismissed Selig's appeal as interlocutory. On October 26, 2015, Selig filed a petition for reconsideration, which the trial court denied on October 29, 2015.

On November 2, 2015, Selig filed a petition for permission to appeal the ZHB's July 20, 2015, interlocutory order pursuant to 42 Pa. C.S. §702(b), which the trial court denied on November 4, 2015, as untimely. The trial court noted that it had previously dismissed as interlocutory an appeal by Selig from the July 20, 2015, ZHB order. (Trial Ct. Op., 11/4/15, at 1 n.1.) On November 6, 2015, Selig appealed the October 14, 2015, October 29, 2015, and November 4, 2015, orders to this court.

Initially, we address the trial court's orders of October 14, 2015, and October 29, 2015, dismissing Selig's "Interlocutory Zoning Appeal 2014-3" as interlocutory and denying reconsideration.

We first address the trial court's jurisdiction in this matter. Pursuant to 42 Pa. C.S. §933(a)(2), the trial court "shall have jurisdiction of appeals from *final* orders of government agencies . . . under Subchapter B of Chapter 7 of Title 2 (relating to judicial review of local agency action) or otherwise." (Emphasis added.)

3

A trial court also has jurisdiction to hear appeals from *interlocutory* orders of local agencies. In accordance with 42 Pa. C.S. §701(a), "[t]he provisions of this subchapter shall apply to all courts of this Commonwealth, including the courts of common pleas when sitting as appellate courts." Pursuant to 42 Pa. C.S. §702(b), interlocutory appeals may be taken *by permission* when:

> a court or other *government unit*, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

(Emphasis added.) The Judicial Code defines a government unit as "[t]he General Assembly and its officers and agencies, any *government agency* or any court or other officer or agency of the unified judicial system." 42 Pa. C.S. §102 (emphasis added). A government agency is "[a]ny Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority." *Id.* Thus, 42 Pa. C.S. §§701(a) and 702(b) permit the trial court's review of an interlocutory order of a local agency.

Determining whether a decision is final and appealable is within the sound discretion of the trial court. *See Thompson v. Zoning Hearing Board of Horsham Township*, 963 A.2d 622, 624 n.3 (Pa. Cmwlth. 2009) (stating that 42 Pa. C.S. §702(b) provides an appellate court, here the trial court, with the discretion to hear interlocutory appeals). We review the trial court's dismissal of Selig's motion to

4

recuse as interlocutory for an abuse of discretion. *Id.* The trial court determined that the ZHB members' refusal to recuse themselves and the ZHB's collective decision not to require recusal was preserved for purposes of review following entry of a final order by the ZHB. However, Selig stopped the hearing, refused to present the merits, and appealed this part of the case to the trial court prior to the end of the hearing and issuance of a final order.[2] Thus, the trial court determined that Selig's action was premature and, if Selig received an unsatisfactory result after his hearing on the merits, the recusal issue was properly preserved. (Tr. Ct. Op., 11/19/15, at 5-6.) The trial court did not abuse its discretion in dismissing Selig's appeal as interlocutory.

Selig next argues that the trial court erred in denying his petition for reconsideration. However, a trial court's refusal to grant reconsideration of a final decree is not reviewable on appeal. *Thorn v. Newman*, 538 A.2d 105, 108 (Pa. Cmwlth. 1988). Thus, we must quash Selig's petition for reconsideration.[3]

Selig next argues that the trial court erred in denying his November 2, 2015, request to appeal the ZHB's July 20, 2015, interlocutory order.[4] On November 2, 2015, Selig sought permission to appeal pursuant to 42 Pa. C.S. §702(b).

---

[2] We note that an order denying a motion to recuse is interlocutory. *Rohm and Haas Company*, 992 A.2d at 149.

[3] We also note that an interlocutory order is not appealable. *Thorn*, 538 A.2d at 107.

[4] The merits of Selig's case are not before this court because the ZHB did not address the merits at the June 17, 2015, hearing or in its July 20, 2015, opinion.

Section 1002-A(a) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11002-A(a), added by the Act of December 21, 1988, P.L. 1329,[5] provides that "[a]ll appeals from all land use decisions rendered pursuant to Article IX shall be taken to the court of common pleas . . . within 30 days after entry of the decision."[6] Selig filed his second request well beyond 30 days after the entry of the interlocutory order. Thus, the trial court correctly denied Selig's November 6, 2015, request for permission to appeal as untimely.

Further, to the extent that Selig requests mandamus relief to compel Benjamin and Wolfgang to recuse, we deny his request. "Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty." *Flora v. Luzerne County*, 103 A.3d 125, 137 (Pa. Cmwlth. 2014).

---

[5] The Township's Ordinance permits appeals to be taken to the trial court pursuant to the MPC. (Ordinance, Art. I, § 113.)

[6] The trial court incorrectly applied Pa. R.A.P. 1311(b) in determining that Selig's request was untimely. Pa. R.A.P. 1311(b) provides that permission to appeal an interlocutory order is "sought by filing a petition for permission to appeal with . . . the appellate court within 30 days after entry of such order . . . [by the] governmental unit." However, the MPC also provides for a 30-day appeal period, so the trial court's error was *de minimis*.

We note that the Pennsylvania Rules of Appellate Procedure do not apply to the trial court when it is acting as an appellate court, but pursuant to Pa. R.A.P. 103, only "govern[s the] practice and procedure in the Supreme Court, the Superior Court and the Commonwealth Court," unless the county has a rule adopting the Pennsylvania Rules of Appellate Procedure. *King v. City of Philadelphia Bureau of Administrative Adjudication*, 102 A.3d 1073, 1076 (Pa. Cmwlth. 2014). Our research does not indicate that Lehigh County has adopted the Pennsylvania Rules of Appellate Procedure. We further note that the trial court, while "acting as an appellate court, may look to the Pennsylvania Rules of Appellate Procedure for guidance and 'such points of procedure are best left to the sound discretion of the trial court.'" *Id.* at 1077 (citation omitted).

An action in mandamus requires an actor to have "a non[-]discretionary duty to perform a particular act." *Id.* This case does not involve a non-discretionary duty. Whether Benjamin and Wolfgang should have recused is discretionary, as is the trial court's decision to permit an appeal from an interlocutory order. Thus, mandamus is improper.

Selig also asks this court to correct errors in the trial court's Pa. R.A.P. 1925(a) opinion. After review, however, we find that the alleged errors do not pertain to the matter before this court but relate to Selig's prior litigations.

Accordingly, we affirm the trial court's orders of October 14, 2015, and November 4, 2015, and quash Selig's appeal of the trial court's order of October 29, 2015.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael B. Selig,                 :
                                 : No. 2171 C.D. 2015
              Appellant   :
                                 :
              v.              :
                                 :
The Zoning Hearing Board of   :
North Whitehall Township     :


O R D E R


AND NOW, this 2<u>nd</u> day of <u>December</u>, 2016, we hereby affirm the October 14, and November 4, 2015, orders of the Court of Common Pleas of Lehigh County and quash Michael B. Selig's appeal of the trial court's October 29, 2015, order denying Selig's petition for reconsideration.


                                   _____

                                   ROCHELLE S. FRIEDMAN, Senior Judge