# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carmencita Maria Pedro,            :
                                   :
            Appellant              :
                                   :
        v.                         :  No. 876 C.D. 2016
                                   :  Submitted:  April 21, 2017
Bureau of Administrative           :
Adjudication                       :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  July 10, 2017**


Carmencita Maria Pedro appeals, *pro se*, from an order of the Court of Common Pleas of Philadelphia County denying her appeal of a decision of the Bureau of Administrative Adjudication (BAA) of the City of Philadelphia (City) that upheld three parking citations issued to her.  Upon review, we affirm the order of the Court of Common Pleas.

Of the three citations that are the subject of this appeal, the first two citations were issued by the Philadelphia Parking Authority for expired meter violations on March 21, 2014 and June 9, 2014, while the third citation was issued on September 22, 2014, apparently by the Philadelphia Police Department, for parking on a sidewalk.  (Certified Record Item (R. Item) 4, BAA Certified Record at 3-5.)  Pedro appealed the citations and a hearing was held before a BAA hearing

examiner on March 24, 2015. At the conclusion of the hearing, the hearing examiner determined that the citations and penalties were not issued in error and Pedro was therefore liable for the violations. (*Id*. at 22, 24.) Pedro appealed, and, on July 10, 2015, the BAA Appeal Panel issued a decision affirming the determination of liability by the hearing officer. (*Id*. at 1, 10.)

Pedro appealed the decision to the Court of Common Pleas, and, on September 30, 2015, that court issued a scheduling order requiring Pedro to file a brief by January 4, 2016 and the BAA to file its brief by February 1, 2016. (R. Item 1, Notice of Appeal; Civil Docket Report at 2-3.) The BAA timely filed its appellate brief, but Pedro did not file a brief as required by the scheduling order. On April 20, 2016, oral argument was held at which Pedro and counsel for the BAA appeared. On April 22, 2016, Judge Linda Carpenter of the Court of Common Pleas entered an order denying Pedro's appeal of the decision of the BAA Appeal Panel. (R. Item 9.) Pedro then appealed the order of the lower court to this Court. (R. Item 10.) In two opinions issued pursuant to Rule of Appellate Procedure 1925(a) in support of the order dismissing Pedro's appeal,[1] Judge Carpenter explained that Pedro's appeal was denied because Pedro did not file an appellate brief on or before January 4, 2016 as required by the scheduling order and because she was unable to articulate any basis for her appeal of the citations at the April 20, 2016 argument. (R. Item 11, Aug. 2, 2016 Opinion at 3; Mar. 24, 2017 Supplementary Certified Record, Mar. 23, 2017 Opinion at 2-3.)

---

[1] Judge Carpenter issued an initial opinion on August 2, 2016 following the filing of Pedro's notice of appeal to this Court and issued a supplementary opinion on March 23, 2017 after reviewing the transcript of the April 20, 2016 argument, which was not filed until March 9, 2017.

On appeal,[2] Pedro presents 29 issues for this Court's review asserting, *inter alia*, that Judge Carpenter expressed bias and ill will towards Pedro, violated Pedro's due process rights and committed an abuse of discretion in denying the appeal. The BAA argues that the order of the Court of Common Pleas should be affirmed on the grounds that Pedro did not file a brief with the Court of Common Pleas denying that court an opportunity to conduct a meaningful review and that Pedro waived all of the 29 appellate issues by not adequately developing the arguments in support of these issues in her brief in contravention of Rule of Appellate Procedure 2119(a).[3]

In appeals from local agency decisions to a court of common pleas where that court reviews the agency's decision in an appellate capacity,[4] the court of common pleas is not bound by the Rules of Appellate Procedure and unless it has specifically adopted those rules and will instead apply its local rules to the appeal. *Smith v. City of Philadelphia*, 147 A.3d 25, 30-31 (Pa. Cmwlth. 2016);

---

[2] This Court's scope of review in a local agency appeal where a full and complete record was made before the agency is limited to determining whether constitutional rights were violated, the agency complied with the procedural provisions of the Local Agency Law, 2 Pa. C.S. §§ 551–555, an error of law was committed, and the findings by the local agency are supported by substantial evidence. 2 Pa. C.S. § 754(b); *Johnson v. Lansdale Borough*, 146 A.3d 696, 711 (Pa. 2016).

[3] Rule 2119(a) provides that "[t]he argument [portion of an appellant's brief] shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa. R.A.P. 2119(a).

[4] A court of common pleas conducts an appellate review whenever a full and complete record is made before the agency; where a full and complete record was not made at the agency level, the court of common pleas may hear the appeal *de novo* or may remand for further fact-finding. 2 Pa. C.S. § 754; *Johnson*, 146 A.3d at 711.

*King v. City of Philadelphia*, 102 A.3d 1073, 1076 (Pa. Cmwlth. 2014). The Court of Common Pleas of Philadelphia County has not explicitly adopted the Rules of Appellate Procedure and thus Rule 320 of the Philadelphia County Rules of Civil Procedure sets forth the framework for appeals from local agencies. *King*, 102 A.3d at 1076. Relevant to this case, subsection (c) of Local Rule 320 provides:

> The Supervising Judge shall publish a standing case management order for each agency whose determinations are appealed on a regular basis ("agency-specific orders"). For agencies whose determinations are seldom appealed, the Supervising Judge shall publish a standing order of a generic nature. The Office of Judicial Records shall provide appellant(s) with an agency-specific (or generic) standing order whenever a notice of appeal is filed. Every appeal (and matter ancillary thereto) shall be governed by the aforesaid standing order and any supplemental order, which may be issued by the Supervising Judge.

Phila. Civ. R. 320(c).

Local courts may impose sanctions, including dismissal, based on the failure of a party to follow the court's procedural rules, and such determinations will not be disturbed absent an abuse of discretion. *Smith*, 147 A.3d at 31; *King*, 102 A.3d at 1077; *Muth v. Ridgway Township Municipal Authority*, 8 A.3d 1022, 1027 (Pa. Cmwlth. 2010). In addition, although not bound by the Rules of Appellate Procedure, a court of common pleas conducting an appellate review of a local agency decision may look to the Rules of Appellate Procedure as guidance. *King*, 102 A.3d at 1077. Relevant to this matter, Rule 2188 provides that "[i]f an

4

appellant fails to file his...brief...within the time prescribed by these rules...an appellee may move for dismissal of the matter."[5] Pa. R.A.P. 2188.

In this matter, the Court of Common Pleas issued a case management order on August 10, 2015 stating that the appeal would be handled under the guidelines set forth in Local Rule 320 and that the court would enter a scheduling order if the case was not disposed of within 60 days of the entry of the order. (R. Item 1.) On September 30, 2015, Judge Carpenter issued the scheduling order that stated that Pedro's brief was due by January 4, 2016. (Civil Docket Report at 2-3.) The scheduling order further provided that any request for a continuance must be filed as a motion for extraordinary relief and that once the date of oral argument was set by notice of the court, no requests for continuance would be granted. (Civil Docket Report at 3.) Pedro does not dispute that she received the scheduling order, and she admitted at oral argument before the Court of Common Pleas that her address of record was correct. (Mar. 9, 2017 Supplementary Certified Record, Apr. 20, 2016 Hearing Transcript (H.T.) at 3.) Furthermore, the record reveals that Pedro did not file a brief with the Court of Common Pleas by January 4, 2016 as required by the scheduling order and she did not submit any requests for an extension of time to file her brief prior to the April 20, 2016 oral argument. At oral argument, Judge Carpenter noted the BAA's argument that Pedro's appeal should be denied for failure to file a brief, but asked Pedro to state the reasons for her appeal. (*Id*. at 3-4.) Pedro stated at the hearing only that she believed that she was denied due process by the BAA and that the tickets were illegitimate, but said that she was "not prepared to answer those questions with the specificity that [Judge

---

[5] Though the BAA did not file a separate motion to quash Pedro's appeal, it did set forth Pedro's failure to file a brief as a separate basis for dismissal in its brief to the Court of Common Pleas.

5

Carpenter was] requesting." (*Id*. at 11-12.) Instead, Pedro requested a continuance of the matter, asserting that she had not been served with an earlier motion for a continuance by counsel for the BAA or the certified record of the proceedings before the agency. (*Id*. at 4-7, 9.)

Upon review, we conclude that the Court of Common Pleas did not err or abuse its discretion in denying Pedro's appeal on the basis that she failed to file a brief or present oral argument sufficient to allow the court to engage in an appellate review of the determination of the BAA Appeal Panel. As the party who initiated the local agency appeal in the Court of Common Pleas, Pedro "had an affirmative duty to prosecute the appeal [s]he filed." *King*, 102 A.3d at 1077 (quoting *Civil Service Commission of the City of Philadelphia v. Wenitsky*, 521 A.2d 80, 82 (Pa. Cmwlth. 1987)). The September 30, 2015 scheduling order explicitly set forth that Pedro's brief was due by January 4, 2016 and she failed to comply with this deadline or seek an extension to file a brief at any time before the April 20, 2016 oral argument. Furthermore, despite the opportunity Judge Carpenter provided to her at oral argument to present her challenge to the BAA's decision upholding the parking violations, Pedro was unable to give any meaningful explanation as to why the violations were invalid. *Compare Smith*, 147 A.3d at 31 (holding that Court of Common Pleas did not abuse its discretion by denying BAA motion to quash where appellant did not file a brief but stated the reasons for his appeal at oral argument). Though Pedro requested a continuance of the proceedings at oral argument, she did not comply with the requirement of the scheduling order that a request for a continuance come in the form of a motion for extraordinary relief and be filed prior to the issuance of the notice setting the date for oral argument. In addition, although Pedro stated as the basis for her request

6

for a continuance that she was allegedly denied access to the electronic docket versions of a motion for extraordinary relief by the BAA seeking a postponement of oral argument and a copy of the certified record of the proceedings before the BAA, both documents contain certificates of service indicating that service was made electronically and through the U.S. mail and Pedro stated that her address of record in the proceedings below was correct. (R. Item 4, BAA Certified Record at 47; R. Item 7, Motion for Extraordinary Relief; Mar. 9, 2017 Supplementary Certified Record, H.T. at 3-4.) Even assuming Pedro's contention is true that she was denied access to the court's electronic filing system, the Court of Common Pleas would have acted within its discretion in not providing a continuance based on Pedro's failure to raise her problems accessing the electronic docket at any time prior to oral argument.

The order of the Court of Common Pleas is affirmed.


**JAMES GARDNER COLINS, Senior Judge**

7

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Carmencita Maria Pedro,                         :
                                                :
                        Appellant               :
                                                :
            v.                                   : No. 876 C.D. 2016
                                                :
Bureau of Administrative                        :
Adjudication                                    :

**ORDER**

AND NOW, this 10th day of July, 2017, the Order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**