IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lauretta King, : 
                 Appellant : 
                               : 
         v. : 
                               : 
City of Philadelphia, Bureau of :   No. 1731 C.D. 2017
Administrative Adjudication :   Submitted: June 22, 2018

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON         FILED: August 27, 2018

      Lauretta King (King) appeals, *pro se*, from the November 16, 2017 order of the Court of Common Pleas of Philadelphia County (trial court) that affirmed the decision by the City of Philadelphia, Bureau of Administrative Adjudication (BAA) finding King liable for a parking ticket and denied King's appeal.[1] Upon review, we agree that King did not timely appeal the BAA decision and, accordingly, we affirm.

      On November 7, 2016, the City of Philadelphia (City) issued King a parking ticket, # 738535244, because she parked her vehicle in a handicapped

---

[1] We note that the trial court's opinion states it "dismissed" King's appeal. Trial Court Opinion, 12/17/17, at 1; *see id.* at 7.

reserved space without displaying a handicapped tag or placard.[2]  King appealed the ticket to the BAA, asserting that she could not afford to pay the ticket because she "is out of work and has not worked since August 2016, due to disability." Supplemental Reproduced Record (S.R.R.) at 6b.  On December 3, 2016, a hearing examiner found King liable in the amount of $301.57 because there was "insufficient basis for dismissal" after review of the "City's prima facie case and careful evaluation of the evidence/testimony submitted."[3]  BAA Notice of Decision, 12/03/16.  The BAA informed King that "You have the right to appeal this decision. We must be in **receipt** of your answer **on or before 01/02/17** in order to maintain your right to appeal."  *Id.* (emphasis in original).

On January 12, 2017, the BAA sent King a Notice of Default.[4]  By letter dated February 17, 2017, and received by the BAA on February 24, 2017, King

---

[2] Section 12-1117(3)(f) of the Philadelphia Traffic Code provides, in pertinent part, that "[n]o vehicle may park at any such [reserved accessible parking] space except a motor vehicle bearing a handicapped plate [or] a handicapped parking placard . . . and which is being operated by or for the transportation of a physically handicapped person . . . ." Phila., Pa., Traffic Code § 12-1117(3)(f) (2016).  The Traffic Code appears at Title 12 of The Philadelphia Code, §§ 12-100 to 12-3302 (Traffic Code).

[3] With respect to evidence, the Traffic Code provides, in pertinent part, that:

> The City shall not be required to submit any evidence other than the parking ticket and information from a state department of motor vehicles identifying the owner of the vehicle.  Such documentation in proper form . . . shall be considered prima facie evidence that the registered owner of the vehicle was the person who committed the parking violation.

Traffic Code § 12-2807(2).  Here, the certified record shows that the City submitted the ticket with a photograph of the vehicle's license plate number.  King acknowledged in her appeal request letter that she owns the vehicle.

[4] Section 12-2807(3) provides that if a person "fails to timely contest the parking violation" or admits to the violation, with or without explanation, and fails to pay the fines, costs and additional fees assessed, the Parking Hearing Examiner "shall" enter an order by default sustaining

2

requested that the BAA dismiss the parking ticket. King's Letter dated 2/17/17, S.R.R. at 10b. King asserted that she did not realize she parked in the handicapped space due to an urgent medical problem and also because the sign was hidden behind tree branches. *Id.* King also contended that "technically" she could park in the handicapped space because, as of August 10, 2016, she had been placed on disability given her "overall medical situation." *Id.* The BAA notified King, by letter dated February 24, 2017, that her appeal request was rejected as late because the 30-day period to appeal the December 3, 2016 decision had expired. BAA's Letter dated 2/24/17. The BAA also informed King that, "[s]hould you wish to make an appeal of the City's interpretation of the law or decision in this matter, you may do so by filing with the Philadelphia County Court of Common Pleas." *Id.*

On April 3, 2017, King filed a notice of appeal with the trial court. The trial court issued a scheduling order that required King to file a brief in support of her appeal by September 5, 2017. King did not file a brief. On September 20, 2017, the City filed a motion to quash King's appeal for failure to file a brief, which the trial court denied. The City filed its brief on October 2, 2017; however, King never filed a brief to support her appeal. On November 16, 2017, the trial court held a hearing, at which King did not appear, and "dismissed" King's appeal.[5] Hearing

---

the charges, fix the appropriate fine and assess appropriate costs and fees, if any. Traffic Code § 12-2807(3).

[5] On the same day, King filed an emergency motion for reconsideration of the trial court's decision, which the trial court denied immediately. The refusal of a trial court to reconsider a final judgment is not reviewable on appeal. *In re Estate of Merrick*, 247 A.2d 786, 787 (Pa. 1968); *see also Commonwealth v. Rachau*, 670 A.2d 731, 734 n.8 (Pa. Cmwlth. 1996). Thus, this Court's review is limited to the trial court's November 16, 2017 order that affirmed the BAA and denied her appeal.

Transcript Volume 1, 11/16/17 at 3. In its opinion, the trial court stated that King filed an untimely appeal of the BAA decision and reasoned,

> King never followed the instructions listed in the December 3, 2016 notice. It was not until February 22, 2017[6] that King finally responded to the BAA when she sent the BAA a letter requesting that the ticket be dismissed. On February 24, the BAA informed King that her request for dismissal was denied because she had missed her deadline to file an appeal. King did not appeal this BAA decision until April 3, 2017 – thirty-eight days after the decision.

Trial Court Opinion, 12/12/17, at 4 (footnote omitted).[7] King appealed the trial court's decision to this Court.[8]

On appeal, King asserts that the trial court erred, objecting to the following statement made by the trial court:

> *[E]ven if her appeal was timely and she complied with the briefing requirement,* King's appeal was without merit. King argued to the BAA and the trial court that (1) she could not afford the ticket, (2) the street sign was obstructed by tree branches, (3) she receives social security disability, and (4) she was having a medical

---

[6] We note that King's letter was actually dated February 17, 2017 and received by the BAA on February 24, 2017. King's Letter dated 2/17/17, S.R.R. at 10b.

[7] The trial court also concluded that King failed to prosecute her appeal, as she did not comply with the Court's scheduling order to file a brief. Trial Court Opinion, 12/12/17, at 6.

[8] Appellate review of a local administrative agency order is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated or whether an error of law was committed. Section 754 of the Administrative Agency Law, 2 Pa. C.S. § 754; *King v. City of Philadelphia*, 102 A.3d 1073, 1076 n.4 (Pa. Cmwlth. 2014).

emergency at the time she parked. None of these facts provide a cognizable defense to parking in a handicapped reserved space without a handicapped tag or placard.

King's Brief at F, "Summary of Argument/Evidence" (emphasis added) (quoting the Trial Court Opinion, 12/12/17, at 7 n.3).[9] King maintains that she is permanently disabled and, therefore, could park in a handicapped parking space. King's Brief at G, "Argument of Petitioner." King requests that this Court "find" that she was "entitled to, and had every right to park in the handicap parking space, as a disable[d] person according to her entitlement as 'permanent' disability placard holder."[10] *Id.* at H, "Conclusion."

In response, the City argues that the trial court's decision should be affirmed because King did not exhaust her administrative remedies, as she did not timely appeal the December 3, 2016 BAA decision. City's Brief at 7-8.[11] We agree.

The Statutory Construction Act of 1972 provides that a party cannot obtain judicial review of an agency's decision if it has not first exhausted the

---

[9] King did not number the pages in her Brief to this Court, so we will refer to the letters and sections of the Brief where her argument appears.

[10] King also notes that, "when I received my placard the instruction clearly stated that you are not to drive with your placard hanging from your mirror, -- and I do not." King's Brief at H, "Conclusion." At no point in her Brief to this Court or in the original record does King aver that she had her placard on display, in some manner, as required by Traffic Code § 12-1117(3)(f), when she received the ticket. King asserted before the trial court in her "Emergency Motion to Reconsider" that "I just failed to display my disable [sic] plaque in the window!" King's Emergency Motion to Reconsider at 2.

[11] The City also contends that King's appeal to the trial court was late and that King failed to file a brief with the trial court setting forth her arguments. City's Brief at 8-9. However, due to our conclusion herein that King's appeal from the BAA's decision was not timely, and, therefore, that the trial court properly dismissed King's appeal, we need not reach the remaining arguments raised in this matter by King or the City.

5

remedies provided by statute. 1 Pa. C.S. § 1504 ("In all cases where a remedy is provided … or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued . . . ."); *City of Philadelphia v. Kenny*, 369 A.2d 1343, 1351-52 (Pa. Cmwlth. 1977). This Court has held that the administrative remedy provided by the City's Traffic Code to address parking tickets is adequate and must be exhausted. *See O'Neill v. City of Philadelphia*, 711 A.2d 544, 548-49 (Pa. Cmwlth. 1998) (rejecting argument that the administrative remedy provided by the Traffic Code to address parking tickets is inadequate); *cf. Kenny*, 369 A.2d at 1351-52 (stating, in the context of a tax review case, that "[t]he Philadelphia Home Rule Charter has the status of an act of the General Assembly. . . . As such, the procedure established by the Charter and the Ordinance passed to supplement and carry out its provision is a 'remedy' subject to the rule of exhaustion prescribed [by 1 Pa. C.S. § 1504]").

The City's Traffic Code provides that each adjudication of a parking violation "shall" be conducted by a Parking Hearing Examiner. Phila., Pa., Traffic Code § 12-2807(1) (2016) (Traffic Code). If the Parking Hearing Examiner determines that the charges have been established, he or she must issue an order sustaining the charges, fixing the fine and assessing costs and fees, if any. Traffic Code § 12-2807(6). A party aggrieved by a decision of the Parking Hearing Examiner may "obtain a review thereof by serving upon the Parking Authority, within thirty (30) days of the entry of such final determination, a notice of appeal on a form provided by the Parking Authority, setting forth the reasons why the final determination should be reversed or modified." Traffic Code § 12-2808(3); *see also* BAA Regulation 6.02(a).

6

Once timely filed, the appeal is submitted to a Parking Appeals Panel. Traffic Code § 12-2808(2). This Panel has the power to review the facts and law, to affirm, reverse, modify, or remand the determination or, in appropriate cases, to hear the matter *de novo*. *Id.* The decision of the Parking Appeals Panel is the final order of the BAA. Traffic Code § 12-2808(5); BAA Regulation 6.02(j). Once the Parking Appeals Panel renders a decision, a party may appeal to the trial court. Traffic Code § 12-2808(6); BAA Regulation 6.02(j). If a party does not appeal the Parking Hearing Examiner's decision, his or her order shall be final. Traffic Code § 12-2808(5).

Here, shortly after receiving her parking ticket, King appealed to the BAA. On December 3, 2016, the BAA notified King that, after review by a hearing examiner, the hearing examiner found that the charges had been established, issued a fine and informed King that she had 30 days—until January 2, 2017—to appeal the decision. King did not appeal the hearing examiner's decision until February 17, 2017, well after the 30-day deadline. Subsequently, on February 24, 2017, the BAA informed King that it rejected her appeal as untimely. Because King did not timely appeal the hearing examiner's decision, the order became final. *See* Traffic Code § 12-2808(5). For the foregoing reason, we affirm the trial court's order denying her appeal.

 

_____
CHRISTINE FIZZANO CANNON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lauretta King,                         :
          Appellant                    :
                                       :
              v.                       :
                                       :
City of Philadelphia, Bureau of        :     No. 1731 C.D. 2017
Administrative Adjudication            :

# O R D E R

AND NOW, this 27th day of August, 2018, the order of the Court of Common Pleas of Philadelphia County dated November 16, 2017 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge