# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R. Anthony J. Smith :
:
        v. : No. 2563 C.D. 2015
: Submitted: July 15, 2016
City of Philadelphia, :
        Appellant :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: September 6, 2016**


      The City of Philadelphia (City) appeals from the November 12, 2015, Order of the Court of Common Pleas of Philadelphia County (common pleas) that granted the appeal of R. Anthony J. Smith (Mr. Smith) from the Bureau of Administrative Adjudication of the Office of the Director of Finance for the City of Philadelphia (BAA). Common pleas held that Mr. Smith is not liable for the cost of impounding his vehicle and for 31 outstanding parking violations because he was a victim of identity theft and lacked notice of the parking violations. On appeal, the City argues that common pleas erred and abused its discretion by permitting Mr. Smith to participate at oral argument when Mr. Smith did not file a brief, by concluding that it had jurisdiction to make a determination of liability when its scope of review precluded such a determination, and by holding that

BAA's process violated Mr. Smith's due process rights.[1] Because we conclude that common pleas did not follow the correct procedures under the Local Agency Law[2] for reviewing BAA's determination, we vacate common pleas' Order and remand for further proceedings consistent with this opinion.

Mr. Smith's vehicle was impounded by the Philadelphia Parking Authority (Parking Authority) on April 28, 2015 after being "live stopped."[3] (Common pleas Op. (Op.) at 1.) Mr. Smith appeared before a BAA hearing officer later that day. (Id.) The City was not represented at this "hearing." According to the transcript,[4] the hearing officer informed Mr. Smith that his vehicle was impounded and that following the impoundment, the City discovered that Mr. Smith owed $3,620.75 in unpaid parking tickets and penalties. (R.R. at 16a-17a.) At some point prior to the hearing, Mr. Smith was given documentation allegedly showing the outstanding violations. (Id. at 18a.) Mr. Smith argued that the vehicles for which the parking violations and penalties are associated "are not my cars" and that he was a victim of identity theft in 1991 that was never fully resolved. (Id. at 17a.) Mr. Smith stated that he was going to call the Pennsylvania State Police (State Police) to have his story confirmed and would attempt to relay that information to the hearing officer's supervisor. (Id.)

---

[1] By Order of July 8, 2016, Mr. Smith was precluded from filing a brief in this matter for failing to comply with a previous order of this Court directing Mr. Smith to file a brief.

[2] 2 Pa. C.S. §§ 551 – 555, 751 – 754.

[3] Philadelphia's "Live Stop" Program "involves the immediate towing and impoundment of vehicles found to be operating in violation of certain state motor vehicle statutes." Phila. Parking Auth. v. Am. Fed'n of State, Cnty., and Mun. Employees, Dist. Council 33, Local 1637, 845 A.2d 245, 246 (Pa. Cmwlth. 2004). See Section 6309.1 of the Vehicle Code, 75 Pa. C.S. § 6309.1 (governing impoundment for nonpayment of fines and the process for recovering an impounded vehicle).

[4] The transcript for the April 28, 2015, hearing can be found at pages 16a-19a of the Reproduced Record.

Mr. Smith met with a different hearing officer (Hearing Officer), again without the presence of representatives of the City, the following day. (Id. at 21a.) The transcript shows that Mr. Smith once again argued that he was a victim of identity theft and that the parking tickets and penalties did not belong to him.[5] Mr. Smith presented Hearing Officer with documentation from the State Police and the Traffic Division of the Philadelphia Municipal Court showing that he was the victim of identity theft in 1991. (R.R. at 23a.) After taking a short break to consult with a supervisor, Hearing Officer told Mr. Smith:

> The only thing we can do at this point in order to get your car out, you would have to pay the fees and that would be $335.00 and these red light tickets which would be $350.00. You would need $685.00 and we would put you on a payment plan for the rest of the tickets.

(Id. at 24a.) Mr. Smith asked Hearing Officer how, if he paid the $650.00 and accepted a payment plan, he could still appeal the fees assessed against him because the cars that were ticketed were not his. The Hearing Officer responded: "You don't have too much of a choice here." (Id.) The "hearing" ended, and Mr. Smith was provided with notice that he was not eligible for a hearing to determine whether he was responsible for the 31 outstanding violations because the violations entered into default more than one year before the hearing. (Id. at 51a.)

Mr. Smith filed a statutory appeal with common pleas. Common pleas issued a scheduling order on June 23, 2015, that set a due date of September 8, 2015, for Mr. Smith's brief. (Id. at 10a.) Mr. Smith did not file a brief in support of his appeal. (Op. at 3.) The City filed a Motion to Quash Appeal, alleging that

---

[5] The transcript for the April 29, 2015, hearing can be found at pages 21a-25a of the Reproduced Record.

3

Mr. Smith's appeal should be quashed pursuant to Rule 2188 of the Pennsylvania Rules of Appellate Procedure[6] because he violated common pleas' scheduling order and the City was unable to prepare a defense. (R.R. at 54a-55a.) Common pleas denied the City's Motion to Quash Appeal and proceeded to hear oral argument.

At oral argument, Mr. Smith, appearing pro se,[7] argued that he is the victim of identity theft.[8] (Id. at 75a-76a.) The City argued that there was some confusion, and that all of the vehicles at issue "were registered to Mr. Smith at his home, and they received parking tickets over the last 15 years." (Id. at 80a.) Mr. Smith argued in response that while the cars for which the parking tickets were associated were registered in his name, "some of them are [registered at] addresses that I've never lived at." (Id. at 80a.) Mr. Smith argued that he did not know about the tickets until he went to the Parking Authority to inquire about his car. (Id. at 81a.) After reviewing the record, common pleas issued an Order on November 16, 2015,

---

[6] Pa. R.A.P. 2188. Rule 2188 provides:

> If an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may move for dismissal of the matter. If an appellee fails to file his brief within the time prescribed by these rules, or within the time as extended, he will not be heard at oral argument except by permission of the court.

Id.

[7] Mr. Smith was accompanied by an attorney at oral argument, but the attorney stated to common pleas that she was not representing Mr. Smith in this matter and was only there for moral support or to answer any questions on what happened when the matter was raised to the Parking Authority. (R.R. at 75a.)

[8] The transcript of the November 12, 2015, oral argument can be found at pages 71a-85a of the Reproduced Record.

granting Mr. Smith's appeal and finding him not liable for the costs of impoundment and the 31 outstanding violations. (Order.)

The City filed a notice of appeal to this Court, and common pleas ordered the City to file a Concise Statement of Errors Complained of on Appeal (Concise Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.[9] (Order, November 23, 2015, C.R. at Item 10.) In its Concise Statement, the City argued that common pleas erred: (1) "when it denied the City's Motion to Quash Appeal and allowed [Mr. Smith] to participate in oral argument despite never filing a brief"; (2) "when it concluded that it had jurisdiction to make a determination of liability for the outstanding [31] parking citations"; and (3) "by ignoring the standard of review in an appeal from an administrative agency." (R.R. at 87a-88a.)

Common pleas issued an opinion pursuant to Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure[10] responding to the City's arguments in

---

[9] Pa. R.A.P. 1925(b). Rule 1925(b) provides:

(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.-- If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Id.

[10] Rule 1925(a)(1) provides:

(1) *General rule.*--Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings

*(Continued…)*

5

its Concise Statement. Therein, common pleas responded to the City's argument that the Motion to Quash Appeal should have been granted and that Mr. Smith should not have been permitted to participate in oral argument by reasoning:

> [T]he trial court's decision as to whether to grant or deny a Motion to Quash for failure to file a brief is within the court's discretion. King v. City of Philadelphia, 102 A.3d 1073, 1077 (Pa. C[mwlth.] 2014). In the instant case, [Mr. Smith] averred he was unrepresented and did not know that he needed to file a brief.
> [The City] did not plead nor prove that it suffered any prejudice in [Mr. Smith]'s failure to file a brief. . . . Consequently, this court exercised its discretion in denying [the City]'s Motion to Quash and allow[ed] [Mr. Smith] to participate in oral argument.

(Op. at 6.)

With regard to the City's argument that it ignored the standard of review in an agency appeal, common pleas reasoned as follows.

> As there were no findings of fact and conclusions of law provided to this court, it was impossible for this court to determine whether necessary findings of fact were supported by substantial evidence. [The City] provided a certified record containing only E-tims reports[11] and hearing dates. [The City] argued that [Mr. Smith] could not contest any tickets older than one year, despite [Mr. Smith]'s arguments that the tickets were not accrued by him and that the car registrations linked to those violations were not his cars, and despite the fact that the car was impounded due to said unpaid violations, of which [Mr. Smith] testified he had no notice. This court found [Mr.

or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa. R.A.P. 1925(a)(1).

[11] The "E-tims" reports in the certified record list all outstanding violations for persons with the last name Smith and various first names similar to Mr. Smith's name. (R.R. at 32a-50a.) Because there was no hearing discussing how the City imposed liability upon Mr. Smith based on the reports, it is not clear to this Court how the E-tims reports should be understood.

6

Smith]'s oral argument persuasive and credible, and consequently exercised its equitable powers to resolve [Mr. Smith]'s tickets.

(Op. at 5.)

Finally, common pleas responded to the City's argument that common pleas lacked authority to rule on Mr. Smith's liability for the parking violations. Common pleas held that the "procedure before the [BAA] was perfunctory," and that Mr. Smith's due process rights were violated by being "effectively denied the ability to contest the tickets, to fully understand the charges against him, or provide a meaningful defense in any way" "despite having no knowledge of [the parking tickets]." (Op. at 6-7.) Common pleas concluded that in light of this due process violation, the court has equitable powers to resolve the outstanding tickets. (Op. at 7.)

On appeal to this Court, the City makes the same arguments it raised in its Concise Statement, and it argues that common pleas erred by concluding that Mr. Smith's due process rights were violated.[12]

**Motion to Quash Appeal**

First, the City argues that common pleas erred by denying its Motion to Quash Appeal pursuant to Rule 2188 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 2188. According to the City, Mr. Smith's failure to comply with common pleas' scheduling order, setting a timetable for briefing the case,

---

[12] "Our standard of review, where the trial court takes no additional evidence, is limited to determining whether constitutional rights were violated, [whether] an error of law was committed or whether necessary findings of fact were supported by substantial evidence of record." SSEN, Inc. v. Borough Council of Borough of Eddystone, 810 A.2d 200, 208 n.11 (Pa. Cmwlth. 2002).

7

placed the City in a "diminished strategic position, as it had no way of knowing the basis of [Mr.] Smith's appeal." (City's Br. at 14.) The City contends that even though Mr. Smith proceeded in the appeal pro se, he must be held to the same standard as a counseled appellant and not given an advantage over the City solely due to his lack of knowledge.

The Pennsylvania Rules of Appellate Procedure do not apply to a court of common pleas providing appellate review of a local agency decision under the Local Agency Law unless the court has specifically adopted the Pennsylvania Rules of Appellate Procedure. King, 102 A.3d at 1076. The Court of Common Pleas for Philadelphia County has not formally adopted the Pennsylvania Rules of Appellate Procedure, and a May 1, 2015, scheduling order states that "[t]his appeal has been brought, and will be handled, under guidelines set forth in [the Philadelphia County Rules of Civil Procedure,] Phila. Civ. R. 320 . . . ." (Scheduling Order, May 1, 2015, ¶ 2, C.R. at Item 1.) Rule 320(c) of the Philadelphia County Rules of Civil Procedure provides:

> The Supervising Judge shall publish a standing case management order for each agency whose determinations are appealed on a regular basis ("agency-specific orders"). For agencies whose determinations are seldom appealed, the Supervising Judge shall publish a standing order of a generic nature. The [Prothonotary] shall provide appellant(s) with an agency-specific (or generic) standing order whenever a notice of appeal is filed.
>
> Every appeal (and matter ancillary thereto) shall be governed by the aforesaid standing order and any supplemental order, which may be issued by the Supervising Judge.

Phila. Civ. R. 320(c).

Here, common pleas issued the relevant scheduling order on June 23, 2015. Neither the Philadelphia County Rules of Civil Procedure nor the scheduling order

provide for consequences for not complying with the briefing timeline. While common pleas had the discretion to grant the Motion to Quash Appeal, see King, 102 A.3d at 1077 (affirming common pleas' decision to "exercise[] its sound discretion" and grant of a motion to quash for failure to file a brief), the law does not require it to do so. Further, we do not agree that the City was unduly prejudiced by common pleas' decision to allow Mr. Smith to participate in  oral argument. Mr. Smith raised the exact issues in oral argument as he did in the two BAA hearings; ergo, the City had notice of Mr. Smith's arguments and was able to prepare a defense. Accordingly, we observe no error or abuse of discretion in common pleas' decision to deny the City's Motion to Quash Appeal.

**Standard of Review and Determining Liability**

Next, the City argues that common pleas erred and abused its discretion when it concluded that Mr. Smith was not liable for the 31 parking violations and penalties because Mr. Smith's liability was beyond its scope and standard of review.

This action is governed by the Local Agency Law. Kovler v. Bureau of Admin. Adjudication, 6 A.3d 1060, 1067 n.12 (Pa. Cmwlth. 2010); see Section 2.02 of the City of Philadelphia, Office of Director of Finance, Regulations of the Bureau of Administrative Adjudication[13] (stating that  BAA "shall, consistent with the Local Agency Law, 2 Pa. C.S. §§ 551-555, 751-754, have the powers and duties of the Director of Finance . . . ."). The scope of review of a court of

---

[13] BAA's regulations are available online at https://alpha.phila.gov/media/20160323084921/regulations-bureau-of-administrative-adjudication.pdf (last visited Sept. 1, 2016).

common pleas in local agency appeals is set forth in Section 754 of the Local Agency Law, 2 Pa. C.S. § 754, and is dependent on the condition of the record created before the agency. Section 754 has two subsections: subsection (a), applicable to situations where the agency record received by the court is incomplete; and subsection (b), applicable where the record received by the court is full and complete. We have explained:

> A "full and complete record" is defined as "a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal and, also, that the appellate court is given a sufficient record upon which to rule on the questions presented." City of Philadelphia v. Board of License and Inspection Review, . . . 590 A.2d 79, 86 [(Pa. Cmwlth. 1991)] (quoting Springfield School District v. Shellem, . . . 328 A.2d 535, 538 ([Pa. Cmwlth.] 1974)), petition for allowance of appeal denied, . . . 600 A.2d 540 ([Pa.] 1991). In the event a full and complete record of the proceedings before the local agency was not made, the court may hear the appeal *de novo,* or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court.

In re Thompson, 896 A.2d 659, 668 (Pa. Cmwlth. 2006).

The City argues that because the record was full and complete, the only issues under review by common pleas were whether BAA's determination that Mr. Smith was not entitled to a hearing to consider his allegations that he should not be liable for the parking violations (1) violated Mr. Smith's constitutional rights, (2) was an error of law, (3) was determined in a procedure that was contrary to statute, and (4) whether the finding that Mr. Smith's violations were in default for more than a year was not supported by substantial evidence. The City misidentifies the issues involved. Mr. Smith argued before the BAA and common pleas that the tickets do not belong to him due to alleged identity theft. After assessing the

10

evidence and hearing argument, common pleas identified a constitutional infirmity in the process that had to be addressed.

According to the Pennsylvania Supreme Court:

> [T]he basic tenets of due process apply with equal force in administrative proceedings as they do in judicial proceedings. See Kowenhoven v. County of Allegheny, . . . 901 A.2d 1003 ([Pa.] 2006) ("Due process principles apply to quasi-judicial or administrative proceedings...."). Moreover, **it is fundamental that the key principles underpinning due process include the requirements of notice and an opportunity to be heard**.

Pa. Bankers Ass'n v. Pa. Dep't of Banking, 956 A.2d 956, 965 (Pa. 2008) (emphasis added). "The key factor in determining whether procedural due process is denied is whether the party asserting the denial of due process suffered demonstrable prejudice." City of Phila. v. Urban Mkt. Dev., Inc., 48 A.3d 520, 522 (Pa. Cmwlth. 2012). Due process not only requires an opportunity to be heard, but also that the opportunity is provided "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). The constitutional requirements of due process are mirrored in Section 553 of the Local Agency Law, which provides: "No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa. C.S. § 553.[14]

---

[14] Whether a hearing and notice is required under Section 553 of the Local Agency Law "depends on whether a local agency's actions constitute an adjudication." Guthrie v. Borough of Wilkinsburg, 478 A.2d 1279, 1281 (Pa. 1984). The Local Agency Law defines "adjudication" as:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

*(Continued…)*

11

Pursuant to the Traffic Code, the "parking ticket and the information from a state department of motor vehicles identifying the owner of the vehicle" serves as "prima facie evidence that the registered owner of the vehicle was the person who committed the parking violation." Section 12-2807(2) of the Traffic Code, Phila. Code § 12-2807(2). We understand that the Traffic Code and associated regulations provide the BAA with broad adjudicative authority to consider a challenge to the City's prima facie case and an appellant with the right to a hearing to rebut the prima facie case if he or she submits a "written application setting forth (i) a sufficient defense to the charge, and (ii) excusable neglect as to the respondent's failure to timely submit testimony and evidence or attend the hearing" **within one year after the ticket is entered**. Phila. Code § 12-2807(4). The Traffic Code also limits the ability of registered owners to raise the lack of notice of a parking ticket on appeal. According to Section 12-2807(4) of the Traffic Code:

> If a notice of violation was mailed to the registered owner at the address appearing on the registry of a state department of motor vehicles, **the failure to receive such notice shall not be considered a defense unless the owner can prove that a state department of motor vehicles was advised of the owner's change of address prior to the date of the parking violation.**

Id. (emphasis added).

---

The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

2 Pa. C.S. § 101. Under this definition, BAA's determination was an adjudication.

However, these provisions are necessarily premised on the fact that the "registered owner," to whom the notice of violation was sent, is the person appearing before the BAA. Any interpretation of these provisions that does not permit the person against whom liability is charged to challenge whether the governmental entity is proceeding against the correct person is not a lawful interpretation. In Bell v. Burson, 402 U.S. 535, 536 (1971), the United States Supreme Court assessed Georgia's Motor Vehicle Safety Responsibility Act (Act), Ga. Code Ann. §§ 92A-601 – 92A-605 (1958), which operated to suspend motor vehicle operating privileges for uninsured licensees who were in accidents until the licensee posted security to cover the damages caused by the accident. The procedures under the Act did not afford uninsured licensees with the right to a hearing to challenge whether he or she was liable for the accident. The Court noted that while "[a] procedural rule that may satisfy due process in one context may not necessarily satisfy procedural due process in every case," a hearing was required in that instance to address the limited issue of whether there was a reasonable possibility that judgments may be made against the licensee. Id. at 540. The Court held that because:

> the statutory scheme makes liability an important factor in the State's determination to deprive an individual of his licenses, the State may not, consistently with due process, eliminate consideration of that factor in its prior hearing. The hearing required by the Due Process Clause must be 'meaningful', and 'appropriate to the nature of the case.' It is a proposition which hardly seems to need explication that a hearing which excludes consideration of an element essential to the decision whether licenses of the nature here involved shall be suspended does not meet this standard.

Id. at 541-42 (citations omitted).

13

Like in Bell, the question of whether Mr. Smith owns the cars in question is a central factor to the deprivation of his property. Accordingly, a meaningful hearing on this question is required. Common pleas therefore correctly determined that Mr. Smith should be afforded a meaningful opportunity to present his defense.

However, common pleas did not correctly provide Mr. Smith with that opportunity. Common pleas noted in its opinion that its review was hampered by BAA's decision to not provide common pleas with findings of fact or conclusions of law. (Op. at 5); see Section 555 of the Local Agency Law, 2 Pa. C.S. § 555 ("[a]ll adjudications of a local agency shall be in writing, shall contain findings and the reasons for the adjudication . . . "). The issue raised by Mr. Smith's appeal was whether Mr. Smith was, in light of his alleged identity theft, the actual registered owner of the vehicles and thus liable for the parking tickets and penalties. The record was not complete on this issue because BAA did not give him a hearing on this issue. Therefore, common pleas should have either held a de novo hearing or remanded the matter to BAA for fact-finding. Such a hearing, if conducted by common pleas, would necessarily include the swearing-in of witnesses, the presentation of evidence, and allowing for such evidence to be tested by cross-examination.[15] Instead, common pleas made credibility determinations and found facts based upon oral argument. Because it is well-settled that "a court may not properly base an adjudication on matters stated in oral argument that do not appear of record," this was error. Claremont Properties, Inc., v. Bd. of Twp. Supervisors of Middlesex Twp., 546 A.2d 712, 715 (Pa. Cmwlth. 1988).

---

[15] BAA's hearing process is governed by Section 5.02 of its regulations. These regulations provide for a panoply of due process protections. Appeal to a Parking Appeal Panel is governed by Section 6.01 of BAA's regulations.

14

Common pleas relied on its equitable power citing Section 753(b) of the Local Agency Law, 2 Pa. C.S. § 753(b).  Section 753 of the Local Agency Law reads in its entirety:

> (a) General rule.--A party who proceeded before a local agency under the terms of a particular statute, home rule charter, or local ordinance or resolution shall not be precluded from questioning the validity of the statute, home rule charter or local ordinance or resolution in the appeal, but if a full and complete record of the proceedings before the agency was made such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

> (b) Equitable relief.--The remedy at law provided by subsection (a) shall not in any manner impair the right to equitable relief heretofore existing, and such right to equitable relief is hereby continued, notwithstanding the provisions of subsection (a).

2 Pa. C.S. § 753.  Section 753 involves the right of a plaintiff to challenge the constitutionality of the local agency law.  We have said: "[w]hen subsection (b) is read in conjunction with subsection (a), to which it specifically refers, it becomes clear that Section 753 merely allows a party who proceeded before a local agency under the terms of a particular statute the ability to raise *the validity of that statute* in an appeal or in a separate equitable action."  Delaware Cnty. v. City of Phila., 620 A.2d 666, 668 (Pa. Cmwlth. 1993) (emphasis in original).  Neither Section 753 nor any other provision of the Local Agency Law provides courts of common pleas with the authority to make factual findings and credibility determinations based on oral argument.  As such, common pleas' November 12, 2015, Order must be vacated.

We, therefore, must remand to allow Mr. Smith the opportunity to present evidence to a neutral fact finder on whether Mr. Smith was provided notice of the

15

violations and failed to act, and whether the violations at issue belong to Mr. Smith.  See Burger v. Bd. of Sch. Directors of McGuffey Sch. Dist., 839 A.2d 1055, 1062 (Pa. 2003) (noting that "due process is a flexible concept and, thus, requires procedural protections as each particular situation demands"); City of Phila., Bd. of License & Inspection Review v. 2600 Lewis, Inc., 661 A.2d 20, 23 (Pa. Cmwlth. 1995) (concluding that because a licensee was denied due process due to defective proceedings, remand was necessary "to ensure the integrity of the administrative process").  We leave the decision on whether the fact-finding necessitated by our disposition should be conducted by common pleas or BAA up to the sound discretion of common pleas.  Pursuant to Section 754(a) of the Local Agency Law, common pleas may decide to either conduct a de novo hearing or to remand to BAA for a hearing.  Regardless of what procedure is chosen, the correct interpretation of the Traffic Code and the associated BAA regulations affords Mr. Smith the opportunity to present evidence on whether he was provided notice of the parking violations and penalties and whether he is liable for the parking violations in light of his alleged identity theft.

_____
**RENÉE COHN JUBELIRER,** Judge

16

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

R. Anthony J. Smith           :
                              :
          v.                  :   No. 2563 C.D. 2015
                              :
City of Philadelphia,         :
                 Appellant    :


# O R D E R


**NOW**, September 6, 2016, the November 12, 2015 Order of the Court of Common Pleas of Philadelphia County (common pleas), entered in the above-captioned matter, is **VACATED**.  The matter is **REMANDED** to common pleas for proceedings consistent with this opinion.


Jurisdiction relinquished.


                              _____
                              **RENÉE COHN JUBELIRER,** Judge