IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Manayunk Neighborhood Council,    :
Inc. and John Hunter and Kevin Smith,  :
           Appellants          :
                         :   No.  516 C.D. 2019
          v.            :
                         :   Argued:  November 12, 2020
Zoning Board of Adjustment and    :
Allegheny Distribution & Delivery    :
and 4048 Main LP and Gary        :
Geuyrtz and Susan Geuyrtz       :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE J. ANDREW CROMPTON, Judge **(P.)**

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED:  January 21, 2021


          The Manayunk Neighborhood Council, Inc., John Hunter, and Kevin Smith (collectively, MNC)[1] appeal from the order of the Court of Common Pleas of Philadelphia County (trial court) dated March 6, 2019, which granted Allegheny Distribution & Delivery, 4048 Main, LP, Gary Geuyrtz, and Susan Geuyrtz's[2] (collectively, Intervenors)[3] motion to dismiss MNC's appeal from the Zoning Board of Adjustment for the City of Philadelphia (Board) for noncompliance with the trial

---

[1] John Hunter and Kevin Smith filed a joint brief with MNC and are represented by the same counsel.  The City of Philadelphia filed a notice of non-participation on January 6, 2020.

[2] The name Geuyrtz is sometimes misspelled throughout the record.

[3] Intervenors intervened in the instant matter before the trial court.  (Trial Ct. Op. at 1.)

court's amended scheduling order by failing to file its brief in support of its appeal. Upon review, we affirm.

The background and procedural history of this matter are as follows. Although the underlying merits of the Board's decision are not presently at issue, we note that Intervenors sought multiple variances for property they own, which were denied by the City of Philadelphia Department of Licenses & Inspections (L&I). (Reproduced Record (R.R.) at 3a.) Intervenors appealed to the Board, and MNC opposed the variances. (R.R. at 3a-11a.) The Board reversed the L&I's decision and granted Intervenors variances for a proposed mixed-use of its commercial/residential property located at 4044-4050 Main Street, Manayunk, Pennsylvania (Property). (R.R. at 24a, 90a-103a.)

MNC appealed to the trial court. (Trial Ct. Op. at 1.) On September 6, 2018, the trial court issued a scheduling order, which required the Board to file its record by November 5, 2018, and for MNC to file its brief by December 3, 2018. *Id*. The Board filed its certified record late on December 27, 2018, and simultaneously filed a motion for extraordinary relief, requesting an extension to give the parties adequate time to file their briefs. *Id*. at 1-2. On January 9, 2019, the trial court issued an amended scheduling order, which required MNC to file its brief by January 28, 2019. *Id*. at 2. MNC never filed a brief or requested an extension, and Intervenors filed a motion to dismiss MNC's appeal due to noncompliance with the trial court's amended scheduling order. *Id*. MNC answered the motion to dismiss on February 27, 2019, claiming that it did not file its brief because counsel's hard drive crashed on January 26, 2019, and it took two weeks to repair. *Id*. On March 6, 2019, the trial court granted Intervenors' motion and dismissed MNC's appeal with prejudice. *Id*.

2

MNC filed a notice of appeal from the trial court's March 6, 2019, order and the trial court ordered MNC to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b). (Trial Ct. Op. at 2.) MNC filed its statement (1925(b) Statement) on May 1, 2019. *Id.*

In its opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), the trial court explained that it properly dismissed MNC's appeal for failure to comply with its orders. *Id*. at 4. Citing *King v. City of Philadelphia*, 102 A.3d 1073, 1077 (Pa. Cmwlth. 2014), the trial court reasoned that it had the inherent power to enforce its orders and judgments, and to that end could dismiss a case based on a party's failure to follow its procedural rules, *i.e.*, a scheduling order. (Trial Ct. Op. at 5.) The trial court concluded that it did not abuse its discretion in dismissing the case, and that MNC had an affirmative duty to prosecute its appeal and to meet all court-imposed deadlines to preserve its appeal. *Id*. Accordingly, the trial court determined that when MNC disregarded its amended scheduling order and failed to file its brief by January 28, 2019, it had the power to dismiss the appeal. *Id*. The trial court also concluded that MNC failed to put forth adequate reasons and cited no case law to excuse its delay. *Id*. Significantly, the trial court noted that MNC failed to ask for an extension, or otherwise notify the court or Intervenors' counsel that it would be delayed in filing its brief. *Id*.

Aside from dismissing MNC's appeal for failing to file a brief, the trial court also determined that MNC's 1925(b) Statement was vague and incomprehensible. Relying on Pennsylvania Rule of Appellate Procedure 1925(b)(4)(ii), Pa.R.A.P. 1925(b)(4)(ii), the trial court concluded that MNC failed to concisely identify each ruling or error with sufficient detail to preserve an issue

3

for review. *Id*. Specifically, the trial court explained that MNC's 1925(b) Statement was redundant, vague, lengthy, and incoherent, and was defective insofar as it prevented the trial court from understanding the specific issues raised on appeal. *Id*. at 3. In other words, the trial court determined that MNC's 1925(b) Statement was functionally equivalent to not having filed any statement at all. *Id*. at 3-4. Importantly, the trial court explained that MNC, "having failed to meet its filing deadline, cannot coopt this appeal to the Commonwealth Court to address issues that should have been raised in its Brief in Support of Appeal, which to date has not been filed, in violation of this Court's Amended Scheduling Order." *Id*. at 4.

Nevertheless, the trial court endeavored, to the best of its ability, to identify the issues raised on appeal. (Trial Ct. Op. at 3.) The trial court identified the following issues that it believed MNC attempted to raise on appeal. We summarize these issues as follows: First, whether the trial court erred by quashing the appeal before the Board issued the appealable decision, *i.e.*, a written decision explaining the reasons for the disposition. *Id*. Second, whether the Board's record was incomplete and the trial court heard new evidence, requiring it to undertake fact-finding. *Id*. Third, whether the trial court erred in allowing the Board to "create new findings," and refusing to allow MNC to address the new findings. *Id*. Specifically, whether the trial court erroneously dismissed the case without giving MNC extra time to "deal with a 'decision' [consisting] of post-hoc findings of fact . . . ." *Id*.

4

On appeal,[4] MNC raises numerous issues and arguments which are not properly before this Court due to its failure to properly raise them before the trial court. In sum, MNC argues that: (1) the Board erred because it did not issue an appealable decision in writing, (2) the record filed by the Board is incomplete, and the trial court heard new evidence in considering Intervenors' motion to dismiss, and (3) the Board erred in issuing "post-hoc" findings and delegating fact-finding to its solicitor. None of these issues are germane to the instant appeal, and therefore do not bear repeating in detail. Based on the import of the trial court's ruling, in this procedural posture, there is a single issue before us: **whether the trial court erred in granting Intervenors' motion to dismiss MNC's appeal for failing to file its brief in support of its appeal**.[5]

The Intervenors largely echo the trial court's reasoning. Intervenors maintain that the dismissal of MNC's appeal was not erroneous because MNC failed to file its brief in support within the time period prescribed in the trial court's scheduling order. Intervenors also allege that MNC failed to raise any issue on

---

[4] "Our standard of review, where the trial court takes no additional evidence, is limited to determining whether constitutional rights were violated, [whether] an error of law was committed or whether necessary findings of fact were supported by substantial evidence of record." *Smith v. City of Philadelphia*, 147 A.3d 25, 30 (Pa. Cmwlth. 2016) (citing *SSEN, Inc. v. Borough Council of Borough of Eddystone*, 810 A.2d 200, 208 n.11 (Pa. Cmwlth. 2002)).

[5] Throughout its brief, MNC requests this Court to take judicial notice of numerous facts. First, it requests that we take judicial notice of the Board's case file at No. 32911, which allegedly contains documents relevant to this case. (MNC's Br. at 13.) Second, it requests that we take judicial notice of a common pleas docket "in appeal 607 CD 2010." *Id*. at 14. Third, it requests that we take judicial notice of a common pleas docket "in appeal 1083 CD 2010." *Id*. Due to our disposition in this case, it is unnecessary to take judicial notice of these facts.

appeal because its 1925(b) Statement was so vague and deficient that it failed to identify any error committed by the trial court in dismissing the appeal.

### A. Whether the trial court erred in dismissing MNC's appeal for failing to file its brief in support of its appeal before the trial court.

It is well-established that courts possess the inherent power to enforce their orders and decrees by imposing penalties and sanctions for failure to comply with them. *Davis v. Southeastern Pennsylvania Transportation Authority*, 680 A.2d 1223, 1226 (Pa. Cmwlth. 1996) (citing *Brocker v. Brocker*, 241 A.2d 336 (Pa. 1968)). Indeed, the trial court has the power to promulgate and enforce procedural rules. *Haney v. Sabia*, 428 A.2d 1041, 1043 (Pa. Cmwlth. 1981). Our review of a trial court's order imposing sanctions for failing to comply with a procedural rule is under the abuse of discretion standard. *Cook v. City of Philadelphia Civil Service Commission*, 201 A.3d 922, 925 n.6 (Pa. Cmwlth. 2019). "A court abuses its discretion when it misapplies the law, exercises its judgment in a manifestly unreasonable manner, or reaches a conclusion as a result of partiality, prejudice, bias or ill will." *In re Private Tax Sale of Premises 214 Plushmill Road, Nether Providence Township, Delaware County*, 533 A.2d 1117, 1119 (Pa. Cmwlth. 1987). Importantly, a moving party has "an affirmative duty to prosecute the appeal he filed." *King*, 102 A.3d at 1077.

Because the trial court was acting in an appellate capacity, we must note the following. Where a full record is made before the local agency, a trial court reviews the appeal as an appellate court. *Cook*, 201 A.3d at 926 (citing *King*, 102 A.3d at 1076)). Even when acting as an appellate court, "the Pennsylvania Rules of Appellate Procedure do not apply to a trial court acting in an appellate capacity on a local agency appeal unless the county where that trial court sits has specifically

6

adopted the Pennsylvania Rules of Appellate Procedure." *Cook*, 201 A.3d at 926. Nevertheless, a trial court that has not adopted the Pennsylvania Rules of Appellate Procedure but is acting as an appellate court may look to the Pennsylvania Rules of Appellate Procedure for guidance, as "such points of procedure are best left to the sound discretion of the trial court." *Cook*, 201 A.3d at 926 (quoting *King*, 102 A.3d at 1077). Under Pennsylvania Rule of Appellate Procedure 2188, **an appellee may move to dismiss an appeal where the appellant does not file a brief within the prescribed time**. *Cook*, 201 A.3d at 926; Pa.R.A.P. 2188.

The Court of Common Pleas for Philadelphia County (*i.e.*, the trial court) has not formally adopted the Pennsylvania Rules of Appellate Procedure, as evinced by the case management order, which provides that "[t]his appeal has been brought, and will be handled, under the guidelines set forth in [Philadelphia County Rules of Civil Procedure] Phila. Civ. R.*320. . . ." (R.R. at 29a.) *See also Cook*, 201 A.3d at 927; *Smith*, 147 A.3d at 31. Rule 320(c) of the Philadelphia County Rules of Civil Procedure provides, in relevant part, that

> [t]he Supervising Judge shall publish a standing case management order for each agency whose determinations are appealed on a regular basis ("agency-specific orders"). For agencies whose determinations are seldom appealed, the Supervising Judge shall publish a standing order of a generic nature. The Office of Judicial Records shall provide appellant(s) with an agency-specific (or generic) standing order whenever a notice of appeal is filed. Every appeal (and matter ancillary thereto) shall be governed by the aforesaid standing order and any supplemental order, which may be issued by the Supervising Judge.

Phila. Civ. R.*320(c). In *King*, based on the aforementioned principles, we upheld a lower court's order quashing an appeal due to the appellant's failure to file a brief in support of the appeal. 102 A.3d at 1077 ("[T]he [lower] court exercised its sound

7

discretion and quashed [appellant's] appeal for failing to comply with its scheduling order.").

Because the Court of Common Pleas of Philadelphia County has not adopted the Pennsylvania Rules of Appellate Procedure, the trial court was not bound by those rules. However, under *Cook* and *King*, the trial court was permitted to look to the Pennsylvania Rules of Appellate Procedure as guidance. As explained below, by relying on *King*, the trial court did not abuse its discretion in dismissing MNC's appeal.

Here, MNC appealed from the Board's decision, or as MNC suggests, the lack thereof. (Trial Ct. Op. at 1.) The trial court issued its first scheduling order on September 6, 2018, requiring MNC to file its brief by December 3, 2018. *Id*. However, the Board filed its record late on December 27, 2018, along with a motion for extraordinary relief, requesting that all deadlines be extended to give the parties time to file their briefs. *Id*. at 1-2. The trial court issued an amended scheduling order on January 9, 2019, ordering MNC to file its brief by January 28, 2019. *Id*. at 2. MNC did not file its brief and Intervenors filed a motion to dismiss the appeal for noncompliance with the amended scheduling order. *Id*. MNC responded claiming that it did not file its brief because its counsel's hard drive on his main computer crashed on January 26, 2019, and it took two weeks to repair. *Id*. The trial court found that MNC failed to take **any action** to obtain an extension from the court, or to ask for one from Intervenors. *Id*. Moreover, the record indicates that MNC failed to even notify the trial court or Intervenors of its computer troubles prior to the motion to dismiss being filed. *Id*. Relying on *King*, the trial court determined that it was within its power to dismiss MNC's appeal for failing to file its brief. On appeal, MNC admits that its "counsel did not meet the briefing schedule." (MNC's

8

Br. at 14.) Accordingly, on March 6, 2019, the trial court granted the motion, and dismissed MNC's appeal with prejudice.

The instant matter is analogous to our decision in *Powelton Village Civic Association v. Philadelphia Zoning Board of Adjustment* (Pa. Cmwlth., No. 355 C.D. 2015, filed January 27, 2016) (unreported).[6] In *Powelton*, the appellants appealed from an order of the zoning board, and the trial court issued a scheduling order which required the zoning board to file its record by September 2, 2014. (Slip Op. at 2.) The zoning board, however, failed to timely file the record, and thereafter, due to the late filing of the record, filed a motion for extraordinary relief to extend the brief filing deadlines. *Id.* The trial court granted the motion, and required that the appellants file their brief by November 12, 2014. *Id.* at 3. The Appellants failed to file the required brief by November 12, 2014. *Id.* Subsequently, the appellee filed a motion to quash alleging that the appellants' brief was due on November 12, 2014, and, because the appellants failed to file a brief or motion for extraordinary relief requesting an extension, the appeal should be dismissed. *Id.* Appellee alleged that the appellants' late brief prolonged the appeal and constituted a failure to prosecute. *Id.*

Subsequently, on December 26, 2014, the appellants' attorney filed a motion for extraordinary relief seeking an extension to file a brief, alleging that familial issues caused him to fail to file a brief, and the appellee did not oppose the motion. *Id.* The trial court entered an order on January 8, 2015, granting the appellants' motion, and required the appellants to file their brief by the following day, January 9, 2015. *Id.* at 3. At no time prior to the filing of the appeal did the

---

[6] *Powelton* is an unreported opinion. Under section 414(a) of this Court's Internal Operating Procedures, an unreported panel opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

appellants file a brief in support of the appeal. *Id*. at 3 n.2. The appellee filed a motion to quash, and the trial court granted the motion. *Id*. at 4. Relying on the same principles of law described in detail above, we determined that given the appellants' failure to comply with the court's scheduling order and their failure to prosecute their action, "the [lower] court's order dismissing the action [did] not demonstrate a misapplication of the law, or a manifestly unreasonable exercise of [its] judgment." *Id*. at 8.

We conclude similarly here. Like *Powelton*, the trial court issued a first scheduling order, requiring MNC to file its brief by December 3, 2018. However, as in *Powelton*, the Board filed its record late, and filed a motion for extraordinary relief requesting an extension of briefing deadlines. The trial court granted the motion, and issued an amended scheduling order, requiring MNC to file its brief by January 28, 2019. As akin to the appellants in *Powelton*, MNC failed to meet the extended briefing schedule and failed to file a brief or request an extension. In fact, MNC failed to ever file its brief with the trial court. Accordingly, as we concluded in *Powelton*, we conclude here that the trial court did not abuse its discretion in dismissing MNC's appeal.[7] We regularly reach this conclusion. *See King*, 102 A.3d 1073 (dismissing appellant's appeal for failing to comply with the lower court's scheduling order by failing to file a brief); *Pedro v. Bureau of Administrative Adjudication* (Pa. Cmwlth., No. 876 C.D. 2016, filed July 10, 2017) (unreported) (same).

---

[7] We note that on appeal, subsequent to this Court granting MNC an extension to file its brief by November 1, 2019, MNC failed to file a brief. MNC's failure prompted this Court to automatically enter an order on November 7, 2019, requiring that MNC file its brief within 14 days. MNC's other procedural errors before this Court include failing to file and serve a docketing statement, failing to file the required paper copies of its brief and reproduced record, and failing to append a copy of the trial court's opinion to its brief.

10

Furthermore, the arguments that MNC presented before the trial court as to its computer problems do not suffice to excuse its delay. First, from the time that MNC initiated its appeal on July 20, 2018, until the trial court issued its amended scheduling order requiring it to file its brief on January 28, 2019, 192 days had elapsed. In those 192 days, MNC never requested an extension or raised any of the issues it proffers on appeal as to why it could not file its brief. Second, MNC alleges that on January 26, 2019, it discovered that the hard drive on counsel's primary computer was failing. (MNC's Memo. of Law in Opp'n. to Dismiss at 30.) However, MNC did not allege that it took any steps to notify the trial court or Intervenors' counsel of the failure of counsel's hard drive prior to Intervenors' motion to dismiss. The first reference to MNC's computer troubles comes in MNC's memorandum of law in opposition to Intervenors' motion to dismiss, which MNC filed on February 27, 2019. *Id.* Thus, in the month following the alleged computer troubles, MNC took no action to preserve its appeal. MNC could have notified the trial court and counsel of the computer problems and requested an extension, or it could have filed a motion for extraordinary relief in person seeking an extension of the deadline. It took no such actions. Based on the foregoing, we conclude that the trial court did not err in dismissing MNC's appeal.

Nothwithstanding, on appeal, Intervenors argue that MNC's 1925(b) Statement was vague and therefore failed to preserve any issue on appeal. "The courts have consistently held that a Rule 1925(b) statement does not conform to 'the Rules of Appellate Procedure if it is so vague and broad that it does not identify the specific [issues] raised on appeal.'" *Chin v. New Flyer of America, Inc.*, 169 A.3d 689, 698 (Pa. Cmwlth. 2017) (citations omitted).

11

MNC's 1925(b) Statement is three pages long, contains five paragraphs, and addresses issues it seeks to have raised on appeal. We were able to read MNC's 1925(b) Statement and discern the same issues as the trial court. Succinctly, the 1925(b) Statement raises three issues: (1) whether the Board issued a valid and appealable decision, (2) whether the record was incomplete and the trial court erroneously accepted new evidence, and (3) whether the Board erroneously issued "post-hoc" findings and delegated fact finding to its solicitor. These are the same issues that MNC raises on appeal.

Because MNC failed to file a brief in support of its appeal before the trial court, or otherwise bring these issues before the trial court, the trial court did not have the opportunity to fully review these issues.[8] Although the trial court attempted to address these issues in its Pa.R.A.P. 1925(a) opinion, they were not properly raised before the trial court. "Rule 302(a)[] clearly states that issues not

_____

[8] In an exercise of caution, we note that in its motion and brief in opposition to Invervenors' motion to dismiss, MNC raises the issue that the record filed by the Board was incomplete, and therefore, it was excused from filing its brief in support of its appeal. Due to our conclusion above, we need not address this issue. Nevertheless, were we to address this issue, we would conclude that this issue also could have been brought before the trial court and addressed in MNC's brief, and therefore, does not excuse MNC's delay. Notably, through its response to Intervenors' motion to dismiss, MNC alleges that it was not until *after* Intervenors filed a motion to dismiss that it was discovered that the record was allegedly incomplete. (*See* MNC's Response in Opp'n to Motion to Dismiss at 2, 4, 8.) Specifically, MNC states that its "**Counsel had a computer crash and recovered from it within a reasonable amount of time. Following this delay, while preparing a response to this motion, Counsel realized upon reading the averment of 'proposed Findings of Fact' that the [Board's] record is incomplete.**" *Id*. at 8 (emphasis added.)

If MNC's counsel read the record prior to the motion to dismiss being filed, it would have been aware of the defect and could have brought it to the attention of the trial court. MNC appears to argue that even though it learned of the potential record deficiency *after* the motion to dismiss was filed, its delay is somehow excused. Our conclusion to this effect would be illogical; it is a fallacy that information learned by MNC's counsel *after* his failure to file a brief on MNC's behalf, could excuse its failure to file a brief in the first place.

12

raised in the trial court are waived and cannot be raised for the first time on appeal. Pennsylvania courts have consistently applied this rule. . . . The appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below . . . ." *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997) (citations omitted). Thus, these issues are not properly preserved or raised before this Court.[9]

Accordingly, we conclude that the trial court appropriately dismissed MNC's appeal for failing to file a brief. Furthermore, although MNC did identify issues in its 1925(b) Statement, none of the issues identified are properly raised on appeal, nor do they suffice to excuse its failure to file a brief before the trial court in support of its appeal. Therefore, we affirm the trial court.

_____
PATRICIA A. McCULLOUGH, Judge

---

[9] Due to our conclusion above, we need not address the issue of whether the trial court received new evidence because the trial court dismissed the appeal before it had the opportunity to take new evidence. However, if we were to address this issue, we would conclude as follows. MNC's arguments in this regard are difficult to understand. First, MNC alleges that the trial court heard new evidence about the merits of the appeal when MNC attached the missing part of the record as "a factual portion" of its answer to Intervenors' motion to dismiss before the trial court. (MNC's Br. at 16.) Then, MNC goes on to state that its brief does not contain new evidence because documents merely appended to a brief do not constitute evidence. (MNC's Br. at 27.) Second, it argues that the Intervenors' motion to dismiss contained new evidence about the condition of the property at the time the motion to dismiss was filed. In its opinion, the trial court stated that it did not take additional evidence because MNC failed to file a brief, and MNC's appeal was dismissed before the trial court even reached the merits of the underlying case. Further, the trial court asserted that it did not have any basis to hear new evidence. We agree with the trial court.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Manayunk Neighborhood Council,   :
Inc. and John Hunter and Kevin Smith,   :
               Appellants   :
  :   No. 516 C.D. 2019
             v.   :
  :
Zoning Board of Adjustment and   :
Allegheny Distribution & Delivery   :
and 4048 Main LP and Gary   :
Geuyrtz and Susan Geuyrtz   :

## ***ORDER***

AND NOW, this 21st day of January, 2021, the March 6, 2019 Order of the Court of Common Pleas of Philadelphia County is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge