IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman L. Scott,                :
             Appellant      :
                           :
      v.                 :    No. 1026 C.D. 2022
                           :    Submitted: May 19, 2023
Bureau of Administrative Adjudication  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                         FILED:  February 29, 2024

Norman L. Scott (Appellant) *pro se* appeals from an order entered by the Court of Common Pleas of Philadelphia County (trial court) on April 19, 2022, which denied his appeal from a decision of the City of Philadelphia's (City) Bureau of Administrative Adjudication (BAA), finding him liable for a parking violation. Upon review, we affirm.

## I. BACKGROUND[1]

On February 8, 2020, the City issued a citation to Appellant for illegally parking his truck in a no-stopping zone, a violation of Section 12-903(1) of the Philadelphia Traffic Code.[2] Appellant filed an administrative appeal and submitted photographic evidence, but his appeal was denied by a hearing examiner and the

---

[1] Unless otherwise stated, we adopt this background from the trial court's opinion, which reflects substantial evidence of record. *See* Trial Ct. Pa.R.A.P. 1925(a) Op., 7/27/22, at 1-6.

[2] Phila., Pa., Code Title 12 (1958) (Traffic Code). Section 12-903(1) of the Traffic Code provides: "The Department [of Streets] shall erect and maintain appropriate signs to give notice whenever an ordinance or regulation prohibits stopping, standing and parking on any street, or portion thereof, and no person shall stop, stand or park a vehicle in violation of such ordinances or regulations." Traffic Code, § 12-903(1).

BAA appeal panel. During his administrative appeal, Appellant requested a live hearing, but his request was denied.[3]

Appellant then appealed to the trial court. Noting that the photographic evidence submitted by Appellant documented that Appellant had parked illegally, the trial court affirmed. Appellant now appeals to this Court.[4]

## II. ISSUES

Appellant raises two issues on appeal. First, Appellant asserts that the BAA denied him due process.[5] *See* Appellant's Br. at 5 (unpaginated). Second, according to Appellant, the BAA's factual error warrants a new trial.[6] *See id.*

---

[3] At the time, no in-person hearings were being held. *See* BAA Certified Record (C.R.), 1/10/22, at 1 (unpaginated), Info. for Parking Ticket # 824068951 (Ticket Info.). An adjudication may be conducted by submission of written testimony or other evidence. *See* Traffic Code, § 12-2806(d).

[4] Appellant initially appealed to the Superior Court. By Order dated 8/26/22, the Superior Court transferred the matter to the Commonwealth Court. *See* 42 Pa.C.S. § 762(a)(4)(ii).

[5] It is unclear whether Appellant brings this challenge pursuant to the United States or Pennsylvania Constitutions. The provisions are coextensive, and our analysis is the same. *See Kovler v. Bureau of Admin. Adjudication*, 6 A.3d 1060, 1062 n.2 (Pa. Cmwlth. 2010).

[6] In response, the City argues that this appeal should be dismissed because Appellant has failed to develop legal arguments in support of these issues. *See* City's Br. at 4-8. Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure requires, in pertinent part, that an appellate brief include "such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). Here, Appellant's brief remarks lack supporting analysis or citation to legal authority. *See generally* Appellant's Br. (unpaginated). Thus, Appellant risks waiver. *See, e.g.*, *Skytop Meadow Cmty. Ass'n v. Paige*, 177 A.3d 377, 384 (Pa. Cmwlth. 2017) (finding waiver because *pro se* appellants' presentation of issues was "so inadequate that this Court [could not] conduct meaningful appellate review"). Nevertheless, we decline to find waiver in this case because review is possible. *See, e.g.*, *Russell v. Unemployment Comp. Bd. of Rev.*, 812 A.2d 780, 783 n.3 (Pa. Cmwlth. 2002) (addressing merits despite under-developed argument "where defects in the brief did not preclude meaningful appellate review").

## III. DISCUSSION[7]

### A. Appellant was not denied due process

In his first issue, Appellant asserts that the BAA denied him due process. Appellant's Br. at 5. According to Appellant, "[t]he hearing was conducted without a proper hearing and live testimony in which questions can be raised." *Id.* We infer from these brief remarks that Appellant wanted to cross-examine the ticketing officer. *See* Appellant's Pa.R.A.P. 1925(b) Statement, 5/18/22 ("Your [A]ppellant was not able to question the issuing officer who observed the violation which is an error of law section 12-2807.").

The BAA must act in accordance with Local Agency Law.[8] *Smith v. City of Phila.*, 147 A.3d 25, 31 (Pa. Cmwlth. 2016). The basic tenets of due process are applicable. "No adjudication of a local agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard." 2 Pa.C.S. § 553. The opportunity must be provided "at a meaningful time and in a meaningful manner." *Smith*, 147 A.3d at 33. The "key factor" in evaluating a due process claim is whether the claimant "suffered demonstrable prejudice." *City of Phila. v. Urban Mkt. Dev., Inc.*, 48 A.3d 520, 522 (Pa. Cmwlth. 2012) (*Urban Market*) (rejecting due process claim asserting lack of notice where the city misidentified the defendant, yet the defendant appeared and testified).

Per the Traffic Code, the ticketing officer is not required to attend a hearing "unless the respondent has denied liability and the [p]arking [h]earing

---

[7] Where the trial court does not take additional evidence, our review of a local agency decision is "limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence." *Kovler*, 6 A.3d at 1062 n.1; 2 Pa.C.S. § 754(b).

[8] 2 Pa.C.S. §§ 551-555, 751-754.

[e]xaminer determines that the officer's participation is required." Traffic Code, § 12-2807(4). A respondent's inability to question the ticketing officer is not a denial of due process. *Kovler*, 6 A.3d at 1063-64.

*Kovler* is instructive. In that case, the appellant asserted that the ticketing officer's absence from the hearing deprived the appellant of an opportunity to cross-examine the officer, thus violating the appellant's right to due process. *Id.* at 1063. Perceiving no absolute right of confrontation in civil cases, the *Kovler* Court approved the BAA's procedures, which afford the hearing examiner discretion to compel the officer's appearance when necessary. *Id.* at 1063-64. The *Kovler* Court noted that the appellant had not requested the ticketing officer's presence, nor had he challenged "the date and time, location, or stated reason for the citation, nor any other information provided by the ticket[ing officer]." *Id.* at 1063. Thus, the Court concluded there was no violation of due process. *Id.* at 1064.

Similar to *Kovler*, nothing in the record establishes that Appellant requested an opportunity to cross-examine the ticketing officer, nor does Appellant identify any particular reason why he should be permitted an opportunity to cross-examine the ticketing officer. *See, e.g.*, BAA C.R. at 7-10, Correspondence, 11/27/20 (Correspondence) (challenging the examiner's decision, requesting live testimony, but not specifically requesting to question the ticketing officer); *see generally* Appellant's Br.; *but see* Appellant's Pa.R.A.P. 1925(b) Statement. Moreover, the photographic evidence submitted by Appellant obviated any need to question the ticketing officer because the evidence clearly depicted Appellant's violation. *See* BAA C.R. at 3-5, Photographs (Photographs). Therefore, we

4

conclude that Appellant suffered no demonstrable prejudice, and his claim is without merit.[9]  *See Kovler*, 6 A.3d at 1064; *Urban Mkt.*, 48 A.3d at 522.

## B. Substantial evidence supports the decision

In his second issue, Appellant asserts that the hearing examiner "made an error of facts" that "warrants a new trial."  Appellant's Br. at 5.  Appellant does not identify a factual error but nevertheless maintains that the decision reveals a biased and one-sided hearing.  *See id.*

From these brief statements, Appellant's precise challenge is unclear. Nevertheless, a review of the record confirms that there is substantial evidence to support the BAA's decision.  *See Kovler*, 6 A.3d at 1062 n.1.  Substantial evidence is "relevant evidence that a reasonable mind might consider adequate to support a conclusion."  *Id.* at 1065 n.7.

Again, we find *Kovler* instructive.  In that case, the appellant sought to refute the City's *prima facie* evidence with photographic evidence.[10]  *Id.* at 1066. Apparently, the appellant believed the evidence was exculpatory because it showed that another vehicle had encroached into the space chosen by the appellant, and this encroachment left insufficient space for the appellant to park.  *See id.*  Thus, this evidence showed the appellant's vehicle "partially parked" in a no-stopping zone.

---

[9] In this section of his argument, Appellant also asserts that "[t]he evidence presented by [] Appellant wasn't considered which is a violation [of the right] to a fair trial."  Appellant's Br. at 5.  The record does not support this assertion.  *See* Photographs (documenting illegal parking); BAA C.R. at 6, Notice of Decision, 10/30/20 (Decision) ("After review of the City's prima facie evidence and *careful evaluation of the evidence/testimony you submitted*, it was found that there was insufficient basis for dismissal.") (emphasis added).

[10] When a person challenges a parking violation, the Traffic Code requires that the City submit "[1.] the parking ticket and [2.] information from a state department of motor vehicles identifying the owner of the vehicle."  Traffic Code, § 12-2807(2).  This documentation will constitute "prima facie evidence that the registered owner of the vehicle was the person who committed the parking violation."  *Id.*

*Id.* at 1067. The *Kovler* Court concluded that the hearing examiner's decision, upholding the ticket, was supported by substantial evidence. *Id.*

Here, Appellant disputed the ticket, commenting, "My vehicle and handicap placard were displayed according to the posted sign. My meter was paid in full. A vehicle made it impossible for me to move further into the parking sign [sic]." Ticket Info. In support of his dispute, Appellant submitted photographic evidence. *See* Photographs. As in *Kovler*, this photographic evidence confirmed that Appellant had partially parked his truck in a no-stopping zone. *See id.*; *see also* Ticket Info ("[Appellant] photo clearly confirms [Appellant] was in violation of impeding in stop proh[ibited] zone."); Trial Ct.'s Pa.R.A.P. 1925(a) Op. at 3 ("[Appellant] does not dispute that his truck was parked as set forth in the photographs: approximately 60% of the truck was parked in the handicap parking space and 40% of the truck was in the no[-]stopping zone."). Thus, we conclude that the decision is supported by substantial evidence. *See Kovler*, 6 A.3d at 1067.

## IV. CONCLUSION

Appellant committed a parking violation by parking his truck in a no-stopping zone. Appellant disputed the ticket and offered photographic evidence, but this evidence confirmed the violation. Upon review, the BAA did not violate Appellant's right to due process when its hearing examiner did not offer Appellant an opportunity to cross-examine the ticketing officer. *See Kovler*, 6 A.3d at 1064; *Urban Mkt.*, 48 A.3d at 522. Further, the photographic evidence submitted by Appellant is substantial evidence supporting the BAA's decision. *See Kovler*, 6 A.3d at 1067. Accordingly, we affirm.

_____
LORI A. DUMAS, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman L. Scott,               :
              Appellant       :
                             :
         v.               :    No. 1026 C.D. 2022
                             :
Bureau of Administrative Adjudication   :

## **O R D E R**


AND NOW, this 29th day of February, 2024, the order of the Court of Common Pleas of Philadelphia County, entered on April 19, 2022, is AFFIRMED.


                                 _____

                                 LORI A. DUMAS, Judge